HELEN BARNES AND WILLIAM G. BARNES, JR., PLAINTIFFS-APPELLANTS v. NORMAN L. HARDY, JR., ELLA FLEMING HARDY, AND UNITED STATES FIDELITY AND GUARANTY COMPANY, DEFENDANTS-APPELLEES

No. 893SC678

(Filed 1 May 1990)

**Insurance § 110.1 (NCI3d); Interest § 2 (NCI3d) — prejudgment interest — award resulting in amount exceeding policy limits — insurer not liable for prejudgment interest**

An automobile liability insurer was not liable for prejudgment interest when such payment would result in a total amount which exceeded the stated policy limits, and N.C.G.S. § 24-5(b) did not apply, since it provides for recovery of interest in instances where there has been both a judgment as to liability and a determination of appropriate compensatory damages, but this matter was settled and not tried.

**Am Jur 2d, Automobile Insurance § 428; Insurance § 1555.**

Judge COZORT dissenting.

APPEAL by plaintiffs from judgment entered 30 January 1989 by *Judge Herbert O. Phillips, III* in PITT County Superior Court. Heard in the Court of Appeals 6 December 1989.

In January of 1987, plaintiff Helen Barnes was badly injured as a result of an automobile collision she had with a vehicle owned and operated by defendants Norman and Ella Hardy. At the time of the collision, Mr. and Mrs. Hardy were insured by United States Fidelity & Guaranty Company ("USF&G"). Pursuant to the terms of their automobile liability insurance policy, personal liability was limited to $50,000 per person and $100,000 per occurrence.

In an attempt to settle the matter, defendants offered plaintiffs $49,900. This offer, however, excluded prejudgment interest. The matter was subsequently settled in accordance with the terms of the insurance policy. Despite continued efforts to reach an agreement which would dispense with questions concerning USF&G's obligation to pay prejudgment interest to plaintiffs, the parties agreed to allow a court, sitting without a jury, to interpret the provisions of the insurance policy and to issue a declaratory judgment determining whether prejudgment interest and costs are encompassed within the policy. After determining that the policy did not obligate USF&G to pay any amount that exceeds the stated policy limits, the trial court issued a declaratory judgment in favor of USF&G. Plaintiffs gave notice of appeal to this Court in apt time.

*Taft, Taft & Haigler, by Thomas F. Taft and Mark R. Morano, for plaintiff-appellants.*

*Gaylord, Singleton, McNally, Strickland & Snyder, by Danny D. McNally, for defendant-appellees.*

JOHNSON, Judge.

This appeal raises the single question of whether an insurer is liable for prejudgment interest when such payment would result in a total amount that exceeds the stated policy limits. Plaintiffs argue that USF&G's liability is not limited to the policy limits since the policy conflicts with G.S. § 24-5. We disagree.

Initially, we recognize that an offer of judgment was made by defendants and that a settlement for the full $50,000 policy limit was reached by the parties. We also recognize that this settlement amounted to a release of claims, not a judgment. The issue of USF&G's liability for prejudgment interest, however, was left open for judicial determination. Upon review at a declaratory judgment proceeding, the trial court determined that USF&G was not obligated under the terms of the policy to pay prejudgment interest. A declaratory judgment was therefore issued in favor of defendant USF&G.

G.S. § 1-254 makes a declaratory judgment proceeding available where there is a dispute concerning contracts of any kind, namely liability insurance policies. *See Nationwide Mut. Ins. Co. v. Roberts*, 261 N.C. 285, 134 S.E.2d 654 (1964). This proceeding is designed to provide an expeditious method of procuring a judicial interpreta-

tion of written instruments. *Penley v. Penley*, 65 N.C. App. 711, 310 S.E.2d 360 (1984), *rev'd on other grounds*, 314 N.C. 1, 332 S.E.2d 51 (1985). Its purpose is to settle and afford relief from uncertainty and insecurity with regard to rights, status and other legal relations. *Hobson Const. Co. Inc. v. Great American Ins. Co.*, 71 N.C. App. 586, 322 S.E.2d 632 (1984).

The parties in the case *sub judice*, undisputedly asked the trial court to make a judicial interpretation of the insurance policy issued by USF&G, particularly the following provisions:

PART A—LIABILITY COVERAGE

*Insuring Agreement*

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. .

. . . .

*Supplementary Payments*

In addition to our limit of liability, we will pay on behalf of a covered person:

. . .

(3) Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

. . .

(6) Other reasonable expenses incurred at our request.

Following review, the trial court interpreted the provisions, made a determination and entered a declaratory judgment adverse to plaintiffs on the issue of prejudgment interest. A judgment as to USF&G's liability for damages resulting from plaintiff's accident was never made.

In determining whether the trial court erred in concluding that an insurer is not liable for prejudgment interest when such payment would result in a total amount that exceeds the stated policy limits, we turn to the General Statutes. G.S. § 24-5(b) provides in pertinent part that:

> [i]n an action other than contract, *the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied.* Interest on an award in an action other than contract shall be at the legal rate.

(Emphasis added.) Our interpretation of this statute suggests that where there is no question of liability and no judgment entered as to this issue, G.S. § 24-5(b) does not apply and we must therefore look to the contract itself for guidance.

In the instant case, the only issue raised by the parties is whether the terms of the policy obligated USF&G to pay prejudgment interest on the $50,000 settlement. Plaintiffs argue in their brief that USF&G is obligated and cites G.S. § 24-5(b) as the applicable statute for their recovery. Plaintiffs' reliance on this statute, however, is misplaced since G.S. § 24-5(b) provides for the recovery of interest in instances where there has been both a judgment as to liability and a determination of appropriate compensatory damages. We do not equate the release of claims to the entry of a judgment as to liability, nor do we find prejudgment interest to be equal to "defense costs" to be paid over and beyond the limits of the policy already paid in a settlement. G.S. § 24-5(b) therefore does not apply.

Looking to the applicable provisions of the insurance policy for guidance, we conclude that the trial court properly granted a declaratory judgment in favor of defendant since the policy expressly provides for the payment of interest where such payment does not exceed the limit of liability.

For all the foregoing reasons the decision of the trial court is

Affirmed.

Judge LEWIS concurs.

Judge COZORT dissents.

## AMERICAN MOTORISTS INS. CO. v. AVNET, INC.

[98 N.C. App. 385 (1990)]

Judge Cozort dissenting.

I disagree with the majority's conclusion that N.C. Gen. Stat. § 24-5(b) (1989) does not apply. I read the $50,000 settlement agreement entered into by the parties as having the effect of a judgment for the purposes of triggering the application of that statute. I then follow the Supreme Court's holding in *Lowe v. Tarble*, 313 N.C. 460, 329 S.E.2d 648 (1985), to find that interest must be paid by the insurer from the date of the institution of the action, in accordance with N.C. Gen. Stat. § 24-5(b). To hold otherwise would not encourage settlement by the parties; in fact, it may have the opposite effect. I vote to reverse the trial court.