## BARNES v. HARDY

[329 N.C. 690 (1991)]

HELEN BARNES AND WILLIAM G. BARNES, JR. v. NORMAN L. HARDY, JR., ELLA FLEMING HARDY AND UNITED STATES FIDELITY & GUARANTY COMPANY

No. 223A90

(Filed 14 August 1991)

**Insurance § 110.1 (NCI3d)— prejudgment interest beyond policy limits—insurer not required to pay**

Defendant insurer was not required to pay prejudgment interest beyond its policy limits, since the insurer, pursuant to the language of the policy, agreed to pay "all defense costs we incur," and that did not include prejudgment interest.

**Am Jur 2d, Automobile Insurance § 428.**

APPEAL by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 381, 390 S.E.2d 758 (1990), affirming a declaratory judgment entered by *Phillips, J.,* on 6 February 1989 in Superior Court, PITT County. Heard in the Supreme Court 12 November 1990.

*Taft, Taft & Haigler, by Mark R. Morano, for plaintiff-appellants.*

*Gaylord, Singleton, McNally, Strickland & Snyder, by Danny D. McNally, for defendant-appellees.*

EXUM, Chief Justice.

Plaintiff Helen Barnes was injured in a collision with the insured defendants Hardy. Plaintiffs filed suit and defendant insurer, United States Fidelity & Guaranty Company ("USF&G"), offered $49,900 in settlement. The liability limit on the policy was $50,000, and coverage included "all defense costs we incur."

Plaintiffs eventually accepted $50,000 from defendant insurer, but the parties could not agree on whether USF&G was responsible for prejudgment interest in excess of its liability limits. They submitted to a declaratory judgment action in which the trial court held USF&G was not liable for such interest.

Plaintiffs appealed to the Court of Appeals, which affirmed over Judge Cozort's dissent. Plaintiffs appealed to us as of right.

BEATTY v. CHARLOTTE-MECKLENBURG BD. OF EDUCATION

[329 N.C. 691 (1991)]

Today in *Sproles v. Greene*, 329 N.C. 603, 407 S.E.2d 497 (1991), we considered another insurance policy in which the insurer promised to pay, in addition to the policy limits, " 'all defense costs we incur.' " *Id.* at 611, 407 S.E.2d at 501. In determining that the term "defense costs" does not embrace prejudgment interest beyond policy limits, we distinguished *Lowe v. Tarble*, 313 N.C. 460, 329 S.E.2d 648 (1985). *Lowe* held the term "all costs taxed against the insured" to include such prejudgment interest. Reading "defense costs" more narrowly than "all costs," we concluded in *Sproles* that the policy did not require the insurer to pay prejudgment interest beyond the policy limits.

*Sproles* controls the decision in this case. The policy terms denoting coverage of defense costs here are identical to those in *Sproles*. We therefore follow *Sproles* and affirm the decision of the Court of Appeals.

Affirmed.