COLLINS v. BECK

[116 N.C. App. 128 (1994)]

---

SHERRY BAXTER COLLINS AND EDWARD ABSHIRE COLLINS, PLAINTIFFS v. AARON (NMN) BECK, DEFENDANT

No. 9322SC336

(Filed 16 August 1994)

**Judgments § 649 (NCI4th)— tender of judgment accepted— judgment signed without award of prejudgment interest— no error**

The trial court did not err in failing to award prejudgment interest pursuant to N.C.G.S. § 24-5(b) where defendant tendered an offer of judgment which plaintiff accepted, but a final judgment, including a judgment as to liability, had not been entered, as required by the statute.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

Judge GREENE dissenting.

Appeal by plaintiffs from judgment entered 26 January 1993 by Judge Peter W. Hairston in Davidson County Superior Court. Heard in the Court of Appeals 14 January 1994.

*Barnes, Grimes & Bunce, by Linwood Bunce, for plaintiff appellants.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Stephen W. Coles, for defendant appellee.*

COZORT, Judge.

Plaintiffs Sherry Collins and Edward Collins filed an action on 30 July 1991 against defendant Aaron Beck seeking damages for Ms.

COLLINS v. BECK

[116 N.C. App. 128 (1994)]

Collins' bodily injuries and for Mr. Collins' loss of consortium resulting from an automobile collision involving Ms. Collins and the defendant. On 5 January 1993, defendant tendered an offer of judgment to plaintiffs in the amount of $70,000.00 pursuant to N.C.R. Civ. P. 68(a). Plaintiffs filed a notice of acceptance of the judgment on 14 January 1993. The judgment in the sum of $70,000.00 for "compensatory damages together with cost accrued at the time of the filing" was signed on 30 January 1993. Plaintiffs appeal the judgment, contending the trial court erred by failing to award them prejudgment interest on the judgment from the commencement of the cause of action pursuant to N.C. Gen. Stat. § 24-5(b).

The statutory provision relied upon by plaintiffs reads as follows:

In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C. Gen. Stat. § 24-5(b) (1991). In *Barnes v. Hardy*, 98 N.C. App. 381, 384, 390 S.E.2d 758, 760 (1990), *aff'd*, 329 N.C. 690, 407 S.E.2d 504 (1991), this Court explained:

Plaintiffs' reliance on this statute, however, is misplaced since G.S. § 24-5(b) provides for the recovery of interest in instances where there has been both a judgment as to liability and a determination of appropriate compensatory damages. We do not equate the release of claims to the entry of a judgment as to liability, nor do we find prejudgment interest to be equal to "defense costs" to be paid over and beyond the [payments made] in a settlement. G.S. § 24-5(b) therefore does not apply.

Following the reasoning in *Barnes*, we find the trial court did not err by failing to award prejudgment interest in this case. We agree with plaintiffs that the statute is non-discretionary in nature when the provision applies. However, as in *Barnes*, N.C. Gen. Stat. § 24-5(b) is inapplicable here, since a final judgment, including a judgment as to liability, has not been entered. Accordingly, the trial court's refusal to award prejudgment interest based on the holding in *Barnes* was not error.

Finally, we note that plaintiffs' argument on appeal was predicated solely on a violation of N.C. Gen. Stat. § 24-5(b) and failed to raise any questions based either on other statutory provisions or common

law authority, including a recent case of this Court, *Aikens v. Ludlum*, 113 N.C. App. 823, 440 S.E.2d 319 (1994). In *Aikens*, this Court remanded a case in which the offer of judgment was ambiguous as to whether the offer was a lump sum which included costs or whether costs were intended to be separate from the settlement amount. We are cognizant that the language in the offer of judgment in the case below is virtually identical to the language of the offer in *Aikens*. We nonetheless decline to review any issue with respect to ambiguity of the lump sum without such issue having been raised by either party. The trial court's judgment is therefore

Affirmed.

Judge ORR concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the conclusion of the majority that plaintiff is not entitled to prejudgment interest in this case. Defendant made a written offer of judgment, plaintiff made a written acceptance of the judgment, both documents were served on the other party, and subsequently filed with the clerk of the court, all consistent with Rule 68(a) of our Rules of Civil Procedure. The offer of judgment thus became a judgment of the court, N.C.G.S. § 1A-1, Rule 68(a) (1990), and as such, accrues interest on the compensatory damages, in this case $70,000, "from the date the action is instituted until the judgment is satisfied." N.C.G.S. § 24-5(b) (1991). *Barnes v. Hardy*, 98 N.C. App. 381, 390 S.E.2d 758 (1990), *aff'd*, 329 N.C. 690, 407 S.E.2d 504 (1991), relied on by the majority does not require a different result. In *Barnes*, although there was an offer of judgment, it was not accepted within the meaning of Rule 68(a) and even had it been accepted, the offer and acceptance were not recorded with the clerk of court. A close reading of *Barnes* reveals that the defendant made an offer of judgment and subsequently the case was settled with the execution of a release by the plaintiff. A judgment was never entered.

Although the offer of judgment in this case could have been drafted so as to make a lump sum offer which would have precluded the assessment of prejudgment interest in addition to the $70,000, *see Harward v. Smith*, 114 N.C. App. 263, 265, 441 S.E.2d 313, 314 (1994),

such is not the case in this instance. *See Aikens v. Ludlum,* 113 N.C. App. 823, 826, 440 S.E.2d 319, 321 (1994) (offer of "$10,001 . . . together with the remaining cost accrued" did not preclude assessment of interest in addition to $10,001). I would therefore reverse the trial court and remand for entry of a judgment granting the plaintiff prejudgment interest consistent with N.C. Gen. Stat. § 24-5(b).