RAYMOND R. PALMER, Plaintiff v. DUKE POWER COMPANY and
RALPH DOUGLAS SHELTON, JR., Defendants

No. COA97-708

(Filed 19 May 1998)

**1. Arbitration and Award § 43 (NCI4th)— appeal from arbitration award—motion to dismiss—lack of subject matter jurisdiction**

A motion to dismiss an appeal from an arbitration award for lack of subject matter jurisdiction was summarily denied; an agreement that arbitration will be final and binding does not in any way rob a party of the ability to apply for vacation of the award or to appeal the trial court's denial of a motion to vacate. Plaintiff can show no real prejudice in the manner in which service in this case was finally accomplished because he received prompt notice through first-class mail and no authority was cited or can be discerned that the failure by defendants to strictly comply with the service requirement somehow robs the Court of Appeals of subject matter jurisdiction.

**2. Arbitration and Award § 30 (NCI4th)— discovery—failure to produce documents—no fraud, corruption, or undue means**

The trial court did not err by confirming an arbitration award despite plaintiff's failure to produce certain documents requested by defendants during discovery. The North Carolina Rules of Civil Procedure do not apply to arbitrations unless incorporated into the arbitration agreement and, in this case, the agreement is without provisions for the method of discovery. None of the information gleaned from any of the discovery requests would have disclosed any more information than was before the arbitrator or the trial court at the time of the hearing and the mere discovery of new evidence which would not work to show misconduct under N.C.G.S. § 1-567.13 should not prevent an award's confirmation.

**3. Arbitration and Award § 42 (NCI4th)— appeal from arbitration award—modification implicitly requested**

Although defendants contended that the trial court was bound by *Sentry Building Systems,* 116 N.C. App. 442, which held that an arbitration award could not be amended *ex mero*

PALMER v. DUKE POWER CO.

[129 N.C. App. 488 (1998)]

*motu* without an application for modifying the award pursuant to N.C.G.S. § 1-567.14, plaintiff's request for prejudgment interest in this case implicitly made such a request and plaintiff's cross-appeal was properly before the Court of Appeals.

**4. Arbitration and Award § 33 (NCI4th)— arbitration award—prejudgment interest**

The trial court properly denied plaintiff's request for prejudgment interest under N.C.G.S. § 24-5(b) in an arbitration award. There was no provision for the award of prejudgment interest in either the arbitration agreement or the arbitration award and the trial court was obligated to affirm the award as written unless there was some mathematical error, error relating to form, or error resulting from the arbitrator exceeding his or her authority.

Appeal by defendants and cross-appeal by plaintiff from order entered 22 November 1996 and judgment entered 25 November 1996 by Judge Julius A. Rousseau in Wilkes County Superior Court. Heard in the Court of Appeals 24 February 1998.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff-appellee/cross-appellant.*

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by W. Winburne King, III and R. Harper Heckman, for defendants-appellants/cross-appellees.*

TIMMONS-GOODSON, Judge.

This action arises out of a motor vehicle collision, wherein plaintiff Raymond R. Palmer was injured when defendant Duke Power Company's truck, driven by defendant Ralph Douglas Shelton, Jr., rear-ended plaintiff's vehicle. Plaintiff subsequently filed this action seeking damages for personal injuries in Mecklenburg County Superior Court. Upon defendants' motion for change of venue, the action was transferred to Wilkes County Superior Court.

Prior to trial, the parties agreed to final and binding arbitration in this matter, and thereafter, the parties entered into a written arbitration agreement. Therein, the parties stated that the arbitrator's award would be final and binding and that any party could enforce the arbi-

trator's award pursuant to section 1-567.15 of the North Carolina General Statutes.

This matter was arbitrated before retired Superior Court Judge Robert A. Collier on 2 July 1996. The parties called witnesses and introduced documents into evidence. By arbitration award entered 20 July 1996, Judge Collier awarded plaintiff $221,000.00, to be paid within 30 days of the entry of the award.

Defendants filed a motion to vacate the arbitration award on 30 August 1996. Plaintiff filed a motion to confirm the award and grant judgment, including prejudgment interest on 4 September 1996. Thereafter, on 8 November 1996, plaintiff filed a motion to dismiss defendants' motion to vacate for lack of subject matter jurisdiction, based upon defendants' failure to properly serve plaintiff with their motion to vacate pursuant to section 1-567.16 of the General Statutes.

Both parties' motions came on for hearing before Judge Julius A. Rousseau, Jr. during the 18 November 1996 civil session of Wilkes County Superior Court. After hearing the arguments and reviewing the evidence of both parties, Judge Rousseau entered an order on 22 November 1996 granting plaintiff's motion to confirm the arbitration award, denying defendants' motion to vacate that award, and denying plaintiff's motion to dismiss defendants' motion to vacate the award. Further, by judgment entered 25 November 1996, Judge Rousseau awarded plaintiff the sum of $221,000.00, along with costs, but excluding prejudgment interest. Plaintiff and defendants appeal.

## I. Defendants' Appeal

[1] At the outset, we summarily deny plaintiff's motion to dismiss defendants' appeal for lack of subject matter jurisdiction for the following reasons: (1) the agreement that an arbitration will be final and binding does not in any way rob a party of the ability to apply for vacation of an award, or the right to appeal the trial court's denial of a motion to vacate; (2) although section 1-567.16 of our General Statues requires that service be made by registered mail or certified mail return receipt requested, and this Court has held that strict compliance with this service requirement is necessary, plaintiff can show no *real* prejudice in the manner in which service was finally accomplished, because he did receive prompt notice through first class mail; and (3) plaintiff cannot cite, nor can we discern, any authority that this failure on defendants' part somehow robs this Court of subject matter jurisdiction. We, therefore, move to the merits of defendants' appeal.

PALMER v. DUKE POWER CO.

[129 N.C. App. 488 (1998)]

[2] On appeal, defendants bring forth three assignments of error by which they argue that the trial court erred in confirming and not vacating the arbitration award. Defendants base their arguments upon plaintiff's failure to produce certain documents requested by defendants during discovery. For the reasons discussed herein, we find defendants' arguments to be unpersuasive, and accordingly, affirm the order and judgment of the court confirming the arbitration award.

North Carolina public policy favors settling disputes by arbitration. *Prime S. Homes, Inc. v. Byrd*, 102 N.C. App. 255, 401 S.E.2d 822 (1991). The arbitration process in North Carolina is governed by North Carolina General Statutes Section 1-567.1, *et seq.* (1996) (the Uniform Arbitration Act). "Read in its entirety, the Uniform Arbitration Act appears to create a system of problem resolution with minimal judicial intervention. The ACT provides a means by which parties can agree contractually to limit judicial intervention into their disputes." *Henderson v. Herman*, 104 N.C. App. 482, 485, 409 S.E.2d 739, 740 (1991), *cert. denied*, 330 N.C. 851, 413 S.E.2d 551 (1992). Accordingly, discovery during the arbitration process is "designed to be minimal and informal, and is optimally far less extensive than discovery under traditional litigation." David M. Brodsky, ALI-ABA Course of Study, *ADR Discovery Techniques*, C566 ALI-ABA 219, 221 (1990). Significantly, the North Carolina Rules of Civil Procedure do not apply to arbitrations, unless incorporated into the arbitration agreement. Moreover, unless the parties specifically agree on a method of discovery in an arbitration proceeding, section 1-567.8 will govern the discovery process. *See* N.C. Gen. Stat. § 1-567.8 (1996). Section 1-567.8 provides in pertinent part:

(a) The arbitrators may issue subpoenas for the attendance of witnesses and for the production of books, records, documents and other evidence, and shall have the power to administer oaths. . . .

(b) On application of a party and for use as evidence, the arbitrators may permit a deposition to be taken, in the manner and upon the terms designated by the arbitrators, of a witness who cannot be subpoenaed or is unable to attend the hearing.

(c) All provisions of law compelling a person under subpoena to testify are applicable.

N.C.G.S. § 1-567.8. In *Prime S. Homes*, this Court noted, "contrary to a civil case at law, where there exists a broad right to discovery, *see* G.S. § 1A-1, Rules 26 to 37, discovery during arbitration is at the discretion of the arbitrator." *Id.* at 260, 401 S.E.2d at 826.

A party to an arbitration may apply for confirmation of an arbitration award under section 1-567.12, and the court shall do so unless a party urges that the court vacate (pursuant to section 1-567.13), or modify or correct (pursuant to section 1-567.14) the award. Section 1-567.13 provides, pertinently, that upon application of a party, an award will be vacated upon a showing that "[t]he award was procured by corruption, fraud or other undue means." N.C. Gen. Stat. § 1-567.13 (1996). This section and section 1-567.14 provide exclusive grounds and procedures for vacating, modifying, or correcting an arbitration award. *Sentry Build. Sys. v. Onslow County Bd. of Educ.*, 116 N.C. App. 442, 448 S.E.2d 145 (1994).

In the instant case, the parties' agreement to arbitrate is without provisions for the method of discovery. Particularly, the agreement makes no mention of the Rules of Civil Procedure governing the arbitration. We note, however, that the parties had engaged in some discovery prior to entering into the agreement to arbitrate. Plaintiff had responded to Duke Power's First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents, which entailed submission of two signed medical releases (one addressed to Dr. Irvin Scherer and another to North Carolina Baptist Hospital (hereinafter "Baptist Hospital") and Bowman Gray School of Medicine (hereinafter "School of Medicine")). Notably, plaintiff's response to Duke Power's First Set of Interrogatories (Question 1) included a list of all of the doctors who had treated plaintiff at the Baptist Hospital and the School of Medicine.

On 12 July 1996, defendants' counsel sent a letter to the parties' arbitrator, Judge Collier, indicating that certain documents had not been produced by plaintiff during discovery. Counsel noted that these documents were included in the "400-plus page volume of medical records submitted by the [p]laintiff[] at the arbitration, but was not contained in the records . . . received from Baptist Hospital/Bowman Gray School of Medicine and was never produced . . ., even though [p]laintiff's counsel has had the record for more than two years, and even though two of my requests for production of documents in this case (numbers 5 and 10 . . .) requested statements of expert witnesses and physicians." Defendants asked that Judge Collier order that "the

record remain open for an independent medical examination and review of [p]laintiff's medical history."

Plaintiff's counsel responded to the allegations of defendants' counsel by letter dated 16 July 1996. Therein, plaintiff's counsel explained that they had responded truthfully to Duke Power's First Set of Interrogatories, and had listed all of plaintiff's treating physicians, in addition to signing releases authorizing the release of plaintiff's medical records. Plaintiff's counsel opposed the request of defendants' counsel that the record be left open and that defendants have the right to have plaintiff submit to an independent medical examination, on the grounds that (1) defendants' counsel had enjoyed the opportunity to cross-examine Dr. Sutej about the missing article of discovery, and had not raised the issue of the missing article; (2) defendants' counsel had not objected to the introduction into evidence of any of plaintiff's medical records during arbitration, and had, therefore, waived any objection; (3) that defendants' counsel had never contacted Dr. Sutej's office to request a copy of plaintiff's medical file; (4) that the request of defendants' counsel for an independent medical exam was untimely, since it had not been made during discovery; and (5) before the commencement of the arbitration, the parties stipulated to the introduction into evidence at the arbitration of the medical records and medical bills of plaintiff. Judge Collier submitted an affidavit explaining the basis of his decision. Therein, he stated that he considered the evidence presented during arbitration and the subsequent letters of counsel and found that plaintiff was entitled to recover $221,000.00 for his personal injuries.

While it is true that section 1-567.13(a)(1) provides that an arbitration award may be vacated where the award was "procured by corruption, fraud or other undue means," N.C.G.S. § 1-567.13(1), on these facts, there was neither a showing of corruption, fraud or other undue means utilized by plaintiff. Moreover, defendants can show no prejudice in this instance, as they were made aware of the inadvertently missing records during arbitration, provided with an opportunity to view them, and had an opportunity to cross-examine the treating physician about those records.

Defendants' attempt to draw similarities between the provisions of the Rules of Civil Procedure and the procedures utilized during arbitration are not persuasive. The Rules of Civil Procedure did not apply in this arbitration, by statute or by agreement of the parties. Thus, the remedies provided therein for failure to comply with its

mandates are germaine herein. Specifically, Rule 60 post-trial motions are not available in the present action; and, accordingly, the cases employing those post-trial motions are simply not applicable in this instance.

Moreover, we find the cases cited by defendants in support of their argument that the actions of plaintiff's counsel mandates the vacation of the arbitration award, to be distinguishable. In *Chevron Transp. Corp. v. Astro Vencedor Compania Naviera,* we note that Chevron's attorneys were "denied access to . . . port logs during the arbitration proceeding, . . . the logs only became available after the hearings were terminated, . . . they only had some four days between the time the logs finally became available and the time for filing of briefs to have it translated (from the Greek), and . . . they were denied an extension of time for filing of briefs which they sought on this basis." 300 F.Supp. 179, 181 (S.D.N.Y. 1969). The District Court for the Southern District of New York noted the following:

> The absence of statutory provision for discovery techniques in arbitration proceedings obviously does not negate the affirmative duty of arbitrators to insure that relevant documentary evidence in the hands of one party is fully and timely made available to the other side before the hearing is closed. In my view, a failure to discharge this simple duty would constitute a violation of subparagraph (c) of Section 10 [of Title 9 of the United States Code], where a party can show prejudice as a result.[1]

*Id.* at 181. The court concluded, however, that Chevron could not show prejudice, and denied its motion to vacate the award, without prejudice, so that Chevron could "move to reargue on the issue of whether or not its rights were prejudiced by the apparent failure of the panel to insure that all portions of the relevant port logs were made available to Chevron prior to the close of evidence." *Id.* at 182.

The conduct of plaintiff's counsel and Judge Collier does not approach the conduct disclosed in *Chevron.* Further, like the defendant in *Chevron,* defendants have not shown any prejudice. Again,

---

1. Subparagraph (c) of Section 10 of Title 9 of the United States Code is parallel to section 1-567.13 (a)(4) of the North Carolina General Statutes which provides that an arbitration award may be vacated where:

> The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6, as to prejudice substantially the rights of a party[.]

**PALMER v. DUKE POWER CO.**

[129 N.C. App. 488 (1998)]

defendants were able to view the "missing" records before the close of evidence, and cross-examined Dr. Sutej, who had made those records, about his treatment of plaintiff.

Defendants rely on *Teamsters v. Abad*, 135 N.J.Super. 552, 343 A.2d 804 (1975), along with *Chevron*, as a reference of authority to support their position that other courts have held that the failure to produce requested documents during discovery are grounds for vacating an arbitration award. However, *Teamsters* was subsequently reversed and is no longer persuasive. 144 N.J.Super. 239, 365 A.2d 209 (1976).

Defendants also contend that the trial court erred in confirming the award when defendants had pending discovery which may have uncovered additional grounds for vacating it. This contention is also unpersuasive. In *Wilks v. American Bakeries Co.*, 563 F. Supp. 560 (W.D.N.C. 1983), the Federal District Court for the Western District of North Carolina held that the discovery of new evidence is not grounds for vacating or refusing to confirm an arbitrator's award. *Id.*

A review of the facts in the case presently before us tends to show that defendants filed a motion to compel plaintiff's complete response to Duke Power's initial discovery requests, and a limited second set of discovery. None of the information gleaned from any of these discovery requests would have disclosed any more information than was before the arbitrator or the trial court at the time of hearing. While post-award discovery has been encouraged by our appellate courts, where that discovery would adduce no further evidence of misconduct, such requests should not work to prevent confirmation of an award. The mere discovery of new evidence, which would not work to show misconduct under section 1-567.13, should not prevent an award's confirmation. *See Wilks*, 563 F. Supp. 560. As plaintiff's failure to produce Dr. Sutej's medical records does not constitute fraud, corruption, or undue means under North Carolina General Statutes section 1-567.13(a)(1); and no misconduct on the part of the arbitrator can be evinced from the record, we hold that the trial court properly denied defendants' motion to vacate the award. In light of our holding in this regard, we need not address defendant's argument that the trial court erred in confirming the arbitration award.

## II. Plaintiff's Cross-Appeal

[3] On appeal, plaintiff brings forth two assignments of error by which he argues the following: first, that the trial court erred in deny-

ing plaintiff's motion to dismiss defendants' motion to vacate the arbitration award; and second, that the trial court erred in excluding prejudgment interest in its order confirming the award. As to plaintiff's first assignment of error and argument, we find it unnecessary to address this matter in light of our holding that the trial court properly denied defendant's motion to vacate. We, therefore, move to plaintiff's argument that he was entitled to prejudgment interest under section 24-5(b) of the General Statutes.

Notably, defendants contend that plaintiff's "Motion to Confirm Award and Grant Judgment Including Prejudgment Interest" is not properly before this Court on appeal, as plaintiff's motion makes no mention of section 1-567.14 and is not specifically entitled a motion to modify or correct. Thus, defendants contend that the trial court was bound by this Court's decision in *Sentry Building* Systems, 116 N.C. App. 442, 448 S.E.2d 145, in which this Court held that an arbitration award could not be amended *ex mero motu* by the trial court without an application for modifying the award pursuant to section 1-567.14 of our General Statutes. We do not agree.

While plaintiff's motion in the instant action did not explicitly request modification, we conclude that in requesting that "the Court . . . award prejudgment interest as required pursuant to N.C.G.S. § 24-5," plaintiff implicitly made such a request. As such, plaintiff's cross-appeal is properly before this Court.

[4] North Carolina General Statutes section 1-567.14 provides the sole means by which a party may have an award modified or corrected. *See* N.C.G.S. § 1-567.14; *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 423 S.E.2d 747 (1992) *reh'g denied*, 33 N.C. 349, 426 S.E.2d 708 (1993). Section 1-567.14 provides that an award may be modified or corrected upon application by a party where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

N.C. G.S. § 1-567.14. "[O]nly awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators exceed-

ing their authority shall be modified or corrected by the reviewing courts." *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 414, 255 S.E.2d 414, 419 (1979). "If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of 'judges who are of the parties' own choosing.'" *Gunter*, 41 N.C. App. at 415, 255 S.E.2d at 420 (quoting *Poe & Sons, Inc. v. University*, 248 N.C. 617, 625, 104 S.E.2d 189, 195 (1958)).

The purpose of an award of prejudgment interest is to compensate a worthy plaintiff for the loss of the use of money that he or she has incurred due to the wrongful acts of another party; it is to provide incentive to insurance carriers to promptly resolve claims. *Hartford Acc. & Indem. Co. v. U.S. Fire Ins. Co.*, 710 F. Supp. 164 (E.D.N.C. 1989), *aff'd*, 918 F.2d 955 (4th Cir. 1990). North Carolina General Statutes section 24-5(b) provides:

> In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C. Gen. Stat. § 24-5 (1991). Section 24-5(b) provides for "the recovery of interest in instances where there has been both a judgment as to liability and a determination of appropriate compensatory damages." *Barnes v. Hardy*, 98 N.C. App. 381, 384, 390 S.E.2d 758, 760 (1990), *aff'd*, 329 N.C. 690, 407 S.E.2d 504 (1991). In *Barnes*, this Court held that the release of claims is not equivalent to the entry of a judgment as to liability for the purposes of subsection (b) of section 24-5. *Barnes*, 98 N.C. App. 382, 390 S.E.2d 758; *see also Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 338 S.E.2d 135 (1983), *cert. denied*, 316 N.C. 731, 345 S.E.2d 398 (1986) (holding that prejudgment interest is not authorized under section 24-5 when only enforcing a statutory lien, absent a contract between the parties).

Defendants argue that prejudgment interest under section 24-5 is not proper, because the arbitration award in the instant case did not address the issue of liability, only the amount of damages to be accorded plaintiff. We cannot agree. We do not read section 24-5 and case law to preclude an award of prejudgment interest merely because parties have agreed to liability prior to the entry of judgment (or the entry into arbitration, in this instance), but leave open the

issue of the amount of liability. We, therefore, reject defendant's argument that prejudgment interest may not be properly awarded in any instance where the issue of liability has been agreed upon or decided.

We similarly reject plaintiff's argument that the arbitrator's award should be treated like a jury verdict, upon which a judge could then award prejudgment interest in entering judgment on that verdict. Plaintiff references and we have found no citation of authority for this proposition.

Instead, we are persuaded by the fact that neither the arbitration agreement nor the arbitration award, in the case *sub judice*, makes any provision for the award of prejudgment interest. Accordingly, confirming the award, the trial court was obligated to confirm the award as written, unless there was some mathematical error, error relating to form, or error resulting from the arbitrator exceeding his/her authority. *See Gunter*, 41 N.C. App. at 414, 255 S.E.2d at 419. Even if the arbitrator's failure to include prejudgment interest in the award was a mistake of law or fact, such a mistake may not be corrected by the trial court upon a party's motion for modification or correction. *See id.* As the arbitrator's failure to include prejudgment interest was not due to mathematical error, error relating to form, or error resulting from his exceeding his authority, the trial court was without authority to modify the award to include prejudgment interest.

In conclusion, we hold that the trial court properly confirmed the arbitration award, and properly denied plaintiff's motion to include prejudgment interest in that award. The 22 November 1996 order and 25 November 1996 judgment of the trial court are, therefore, affirmed.

Affirmed.

Judges GREENE and WALKER concur.