DERICK BLANTON, Plaintiff v. C. RANDALL ISENHOWER as Administrator of the Estate of Glen Boyd Smith, Defendant

No. COA08-864

(Filed 7 April 2009)

**Arbitration and Mediation— UIM award—prejudgment interest—modification of award**

> The trial court could not modify an underinsured motorist (UIM) arbitration award to allow prejudgment interest where prejudgment interest was not specifically stated in the arbitration award.

Appeal by plaintiff from order entered 7 May 2008 by Judge Nathaniel J. Poovey in Catawba County Superior Court. Heard in the Court of Appeals 10 December 2008.

*DeVore, Acton, & Stafford, PA, by Fred W. DeVore, III, for plaintiff-appellant.*

*Willardson Lipscomb & Miller, L.L.P., by William F. Lipscomb, for unnamed defendant-appellee Farm Bureau.*

*Robinson Elliot & Smith, by W. Lewis Smith, Jr., for unnamed defendant-appellee Nationwide.*

*Burton & Sue, L.L.P., by Gary K. Sue, for unnamed defendant-appellee Allstate.*

BRYANT, Judge.

Plaintiff Derick Blanton appeals from an order entered 7 May 2008 in Catawba County Superior Court denying his motion for relief

**BLANTON v. ISENHOWER**

[196 N.C. App. 166 (2009)]

of order denying interest on UIM arbitration award. For the reasons stated herein, we affirm the order of the trial court.

This matter arises from a motor vehicle accident that occurred on 24 April 2004. Blanton was among three passengers in a motor vehicle operated by Joseph Ingerling when Ingerling's vehicle was struck head-on by a vehicle driven by Glen Smith. Both Ingerling and Smith died as a result of the collision. Blanton suffered serious injury and, on 7 February 2007, filed a complaint against the estate of Glen Smith alleging negligence and damages in excess of $10,000.00.

Given the death of Ingerling as well as the severity of the injuries of other passengers, Smith's automobile insurance policy was insufficient to fully compensate all victims. Blanton received $16,500.00. However, at the time of the accident Blanton lived with his parents—David Blanton and Elaine Carter. David Blanton maintained automobile insurance policies with Allstate Insurance Company which provided UIM coverage up to $100,000.00 and Farm Bureau Insurance Company which provided UIM coverage up to $250,000.00. Elaine Carter maintained an automobile insurance policy with Nationwide Mutual Insurance Company which provided UIM coverage up to $100,000.00. Each policy contained an arbitration provision to be invoked by the insured should there be a need to determine the amount of UIM proceeds to be paid as a result of an automobile accident. On 30 April 2007, the trial court entered a consent order to stay proceedings pending binding arbitration.

The arbitration award entered 12 November 2007 stated that Blanton was entitled to recover $296,732.72 in damages from Smith's estate. On 14 January 2008, the trial court confirmed the award but denied Blanton's request that he be allowed to recover interest and costs. On 23 January 2008, Blanton filed a "Motion For Relief Of Order Denying Interest On The UIM Arbitration Award" in which he requested that the trial court confirm the arbitration award, reduce it to a civil judgment, and allow the recovery of interest and costs. On 7 May 2008, the trial court denied the motion. Blanton appeals.

On appeal, Blanton raises two questions: Did the trial court commit reversible error by (I) denying his request that prejudgment interest be included in the judgment with the arbitration award and (II) denying his motion for relief from the order denying interest.

### I & II

Blanton first questions whether the trial court committed reversible error by denying his request for prejudgment interest on the UIM arbitration award. Blanton argues that we should read N.C. Gen. Stat. § 1-569.25 in conjunction with N.C. Gen. Stat. § 24-5(b) as requiring a trial court to include prejudgment interest upon the entry of an arbitration award as a judgment. We disagree.

In *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 499 S.E.2d 801 (1998), the plaintiff argued that the trial court erred in failing to include prejudgment interest in its order confirming an arbitration award. *Id.* at 496, 499 S.E.2d at 806. This Court reasoned that implicit in the argument was a request to modify the arbitrator's award. *Id.* While the Court acknowledged that the Uniform Arbitration Act, then codified in the General Statutes, provided for the modification of an arbitration award by a trial court in limited circumstances, the Court rejected the argument that an arbitrator's award was to be treated as a jury verdict whereupon a trial court could award prejudgment interest upon entry of the verdict. *Id.* at 498, 499 S.E.2d at 807.

Under North Carolina General Statute, section 1-569.25 an arbitration award entered as a judgment may be "recorded, docketed, and enforced as any other judgment in a civil action." N.C.G.S. § 1-569.25 (2007). Under North Carolina General Statute, section 24-5(b), "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." N.C. Gen. Stat. § 24-5(b) (2007). However, as reasoned in *Palmer*, an arbitrator's award is not to be treated as a fact finder's verdict. *See also Sprake v. Leche*, 188 N.C. App. 322, 658 S.E.2d 490 (2008) (holding arbitration panel had authority to award prejudgment interest and trial court properly confirmed arbitration award as written); *Faison & Gillespie v. Lorant*, 187 N.C. App. 567, 654 S.E.2d 47 (2007) (holding arbitrator's authority was not exceeded by including prejudgment interest in an arbitration award). Moreover, we do not interpret N.C.G.S. §§ 1-569.25 and 24-5(b) as expanding the limited circumstances in which a trial court is required to modify an arbitration award.

Here, as in *Palmer*, implicit in Blanton's request for prejudgment interest exists a request to modify the arbitration award. Under the Revised Uniform Arbitration Act, codified at N.C. Gen. Stat.

**BLANTON v. ISENHOWER**

[196 N.C. App. 166 (2009)]

§§ 1-569.1 *et seq.*, a trial court shall modify or correct an arbitration award if:

(1) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) The arbitrator has made an award on a claim not submitted to the arbitrator . . . ; or

(3) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

N.C. Gen. Stat. § 1-569.24 (2007). We hold these circumstances to be the only circumstances in which a trial court may modify an arbitration award.

Further, contrary to Blanton's assertions regarding this Court's rulings in other arbitration cases involving prejudgment interest, we are unaware of any case in which this Court has upheld a trial court's modification of an arbitration award allowing prejudgment interest if such was not specifically stated in the arbitration award. *See, e.g., King v. Lingerfelt*, No. 07-1193, 2008 N.C. App. LEXIS 1007 (N.C. Ct. App., May 20, 2008) (unpublished) (affirming the trial court's enforcement of an arbitration award as written where the award specifically left "the issue of prejudgment interest . . . to be addressed by [the] Court . . . ."). Therefore, the trial court did not err in denying Blanton's request for prejudgment interest, and this assignment of error is overruled.

Having found no error in the trial court's denial of Blanton's request for prejudgment interest, we find no error in the trial court's denial of Blanton's motion for relief. The judgment of the trial court is affirmed.

Affirmed.

Judges McGEE and GEER concur.