ROBERT J. EISINGER, JR., Plaintiff-Appellant v. KENNETH R. ROBINSON, Defendant-Appellee

No. COA03-379

(Filed 1 June 2004)

**1. Arbitration and Mediation— North Carolina Arbitration Act—contract provision for settlement of arbitration**

The trial court did not err by applying the Uniform Arbitration Act, N.C.G.S. § 1-567.1 et seq., in an arbitration arising out of an underinsured motorists policy, because: (1) the agreement between plaintiff and the insurance company providing

**EISINGER v. ROBINSON**

[164 N.C. App. 572 (2004)]

underinsured motorists coverage was the type of agreement contemplated by N.C.G.S. § 1-567.2(b) in that it is a provision for the settlement by arbitration of any controversy arising between them related to their contract; and (2) the exclusions in subsection (b) do not apply in this case.

**2. Arbitration and Mediation— trial court's authority to modify arbitration award—costs**

The trial court did not err by finding that it could not award costs in an arbitration arising out of an underinsurance policy, because an award of costs does not fit within the parameters of the trial court's authority to modify an arbitration award under N.C.G.S. § 1-567.13.

**3. Arbitration and Mediation— modification of arbitration award—prejudgment interest**

The trial court did not err by holding that prejudgment interest could not be awarded in an arbitration arising out of an underinsurance policy, because: (1) N.C.G.S. § 1-567.14 provides the sole means by which a party may have an award modified or corrected; and (2) the arbitrator's failure to include prejudgment interest was not due to mathematical error, error relating to form, or error resulting from his exceeding his authority.

Appeal by plaintiff from order entered 27 December 2002 by Judge Daniel R. Green in Superior Court, Gaston County. Heard in the Court of Appeals 14 January 2004.

*Don H. Bumgardner for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan and Wood, P.A., by Richard F. Kronk, for defendant-appellee.*

McGEE, Judge.

Robert J. Eisinger, Jr. (plaintiff) filed suit against Kenneth R. Robinson (defendant) on 19 July 2000 for damages arising from a 14 October 1998 automobile collision. Nationwide Insurance (Nationwide) provided underinsured motorists (UIM) coverage in the amount of $100,000 and Discovery Insurance (Discovery) provided primary coverage. Discovery tendered its full coverage in the amount of $25,000 on 7 August 2000, without filing an answer. Nationwide was notified of the tender of the primary coverage by letter on 9 August 2000. Nationwide did not advance any funds to plaintiff.

Plaintiff accepted Discovery's tender on 13 September 2000. Plaintiff requested binding arbitration on 2 January 2001 and the case was removed from the docket on 8 January 2001.

An arbitration hearing was held on 25 June 2002 to determine the value of plaintiff's claim for personal injuries arising from the collision. Plaintiff and defendant agreed at the time of the hearing that the award would be only for the value of the personal injury claim and would not include interest or costs. The amount of the arbitration award was $45,000.

Nationwide paid plaintiff $20,000, being the difference between the arbitration award and the $25,000 paid by Discovery. Plaintiff agreed that with the payment of the $20,000, there would be no claim for interest arising after 25 June 2002. Plaintiff filed a motion for interest and costs on 15 July 2002. After a hearing on 22 July 2002, the trial court denied plaintiff's motion for interest and costs in an order filed 27 December 2002. Plaintiff appeals.

[1] Plaintiff argues in his first assignment of error that the trial court erred in applying the "North Carolina Arbitration Act" to the arbitration in this case. At the time of plaintiff's and defendant's agreement to arbitrate, the Uniform Arbitration Act, as set forth in N.C. Gen. Stat. § 1-567.1 et seq. (2001), was in effect. We note that North Carolina has now adopted the Revised Uniform Arbitration Act, which applies to agreements to arbitrate entered into on or after 1 January 2004. N.C. Gen. Stat. § 1-569.1 et seq. (2003).

The Uniform Arbitration Act, which pertains to this case, states that

> [t]wo or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

N.C. Gen. Stat. § 1-567.2(a). Further, the Uniform Arbitration Act does not apply to "(1) [a]ny agreement or provision to arbitrate in which it is stipulated that this Article shall not apply or to any arbitration or award thereunder; [and] (2) [a]rbitration agreements between

employers and employees or between their respective representatives, unless the agreement provides that this Article shall apply." N.C. Gen. Stat. § 1-567.2(b).

In the case before us, plaintiff and Nationwide had an agreement to arbitrate. The agreement stated that if Nationwide and plaintiff disagreed over whether plaintiff was entitled to recover compensatory damages from the owner or driver of an underinsured vehicle or over the amount of damages, plaintiff could "demand to settle the dispute by arbitration." The arbitration agreement also set forth specific arbitration procedures. This agreement between Nationwide and plaintiff is the type of agreement contemplated by N.C. Gen. Stat. § 1-567.2(a) in that it is a "provision for the settlement by arbitration of any controversy . . . arising between them relating to [their] contract[.]" N.C. Gen. Stat. § 1-567.2(a). Further, the exclusions in subsection (b) do not apply in this case. The trial court, therefore, did not err in applying the Uniform Arbitration Act. Accordingly, assignment of error number one is without merit.

[2] Plaintiff next argues in assignment of error number two that the trial court erred in finding that the trial court could not award costs in an arbitration under an underinsurance policy because the costs were not awarded by the arbitrator. The Uniform Arbitration Act addresses fees and expenses in N.C. Gen. Stat. § 1-567.11, which states that "[u]nless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." In this case, the parties did address the issue of fees in the actual arbitration agreement. The applicable provision in the agreement states, "[e]ach party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons."

In plaintiff's motion for interest and costs, he requests reimbursement of expenses related to expert testimony. Plaintiff's request includes a deposition fee and expert witness fee for both Dr. Matthew T. Matthew and Dr. Robert Brown. Plaintiff's other requests are for deposition costs of another doctor, a highway patrolman, and plaintiff himself. The arbitration agreement states expert witness fees are not recoverable by plaintiff. Further, whether plaintiff is entitled to partial reimbursement for the other fees is not relevant in light of our determination below as to the trial court's authority to modify or correct awards.

We note that the trial court has limited power after an arbitration award is entered. The trial court can vacate, modify, or correct an arbitration award only under specified conditions. In fact, N.C. Gen. Stat. § 1-567.13 and N.C. Gen. Stat. § 1-567.14 "provide the exclusive grounds for vacating, modifying or correcting an arbitration award." *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 686, 355 S.E.2d 815, 817, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987).

N.C. Gen. Stat. § 1-567.13 allows a trial court to vacate an award. However, plaintiff in this case did not ask that the award be vacated. Rather, plaintiff requested that costs be awarded in addition to the compensatory award. N.C. Gen. Stat. § 1-567.14, which allows for modification or correction of an award, is therefore relevant. However, the statute allows for modification of an award only where

(1) [t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) [t]he arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) [t]he award is imperfect in a matter of form, not affecting the merits of the controversy.

N.C. Gen. Stat. § 1-567.14(a). An award of costs does not fit within the parameters of the trial court's authority to modify an award. Accordingly, the trial court did not err in denying plaintiff's motion for costs and this assignment of error is without merit.

[3] Plaintiff argues in assignment of error number three that the trial court erred in holding that prejudgment interest could not be awarded in an arbitration arising out of an underinsurance policy. Plaintiff essentially argues that the arbitration award should be treated the same as a jury verdict. This exact argument was asserted by the plaintiff in *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 499 S.E.2d 801 (1998). Our Court held that "[w]e similarly reject plaintiff's argument that the arbitrator's award should be treated like a jury verdict, upon which a judge could then award prejudgment interest in entering judgment on that verdict. Plaintiff references and we have found no citation of authority for this proposition." *Palmer*, 129 N.C. App. at 498, 499 S.E.2d at 807. Similarly, in the case before our Court, plaintiff cites no authority for his argument that

arbitration awards should be treated the same as jury verdicts. Rather, plaintiff argues that the policy provision stating, "[j]udgment upon award may be entered in any proper court" indicates that the arbitration award is analogous to a jury award. However, we find this argument unpersuasive.

Plaintiff's reliance on *Beaver v. Hampton*, 333 N.C. 455, 427 S.E.2d 317 (1993) is misplaced. *Beaver* involved a motor vehicle collision in which the plaintiff was injured. The defendants' liability carrier paid its policy limits into the Office of the Clerk of Court. The jury entered an award for the plaintiff. The trial court deducted the amount previously paid by the defendants' liability carrier and awarded prejudgment interest only on the remaining amount. *Beaver*, 333 N.C. at 456, 427 S.E.2d at 317. Our Supreme Court affirmed this Court's holding that it was error for the trial court not to award prejudgment interest on the full amount of the jury award. *Id.* at 457, 427 S.E.2d at 318. Although prejudgment interest was proper in *Beaver*, the case before us is distinguishable and the same result is not warranted. *Beaver* involved a jury award, rather than an arbitration award, and *Beaver* is therefore not controlling.

Through his motion for interest and costs, plaintiff essentially asked the trial court to modify the arbitration award which had been entered. As we noted above, "North Carolina General Statutes section 1-567.14 provides the sole means by which a party may have an award modified or corrected." *Palmer*, 129 N.C. App. at 496, 499 S.E.2d at 806. This statute allows for modification of an award by a court in only three limited situations: (1) evident miscalculation or evident mistake in a description, (2) arbitrators awarded upon a matter not submitted to them, or (3) the award was imperfect in form. Plaintiff's request for interest does not fall within any of these grounds permitting modification. Just as in *Palmer*, "the arbitrator's failure to include prejudgment interest was not due to mathematical error, error relating to form, or error resulting from his exceeding his authority[.]" *Palmer*, 129 N.C. App. at 498, 499 S.E.2d at 808. Thus, the trial court was without authority to modify the award to include prejudgment interest.

This case is similar to *Sentry Building Systems v. Onslow County Bd. of Education*, 116 N.C. App. 442, 448 S.E.2d 145 (1994). In *Sentry*, the parties agreed to arbitrate a dispute concerning a construction contract. *Sentry*, 116 N.C. App. at 443, 448 S.E.2d at 145-46. The award was in favor of the plaintiff and the defendant specifically

asked whether the award included interest. *Id.* at 443, 448 S.E.2d at 146. The arbitrator stated that interest was not included. The plaintiff filed a motion for interest in superior court. *Id.* The trial court awarded interest but this Court reversed, stating that "the trial court erred by concluding that N.C. Gen. Stat. § 1-567.14 did not apply to the instant case and by reviewing the arbitration award when the plaintiff had not made a proper application as provided by the statute." *Id.* at 444-45, 448 S.E.2d at 146. Likewise, in the case before this Court, the trial court lacked authority to modify the award. Thus, we hold that the trial court did not err in denying plaintiff's motion to award prejudgment interest and this assignment of error is without merit.

Affirmed.

Judges HUNTER and GEER concur.