KAREN SCOTT LOVIN, Plaintiff v. RICHARD WAYNE BYRD, Defendant

No. COA05-1326

(Filed 5 July 2006)

**Arbitration and Mediation— prejudgment interest left open in award—later calculation by judge**

The trial court did not err by adding prejudgment interest to an arbitration award where the arbitrator had expressly left the amount of prejudgment interest open. Both the arbitration agreement as understood by the parties and the award contemplated prejudgment interest; the judge's mathematical calculation of the interest award did not amount to a modification of the award.

Appeal by unnamed defendant from an order and judgment entered 25 July 2005 by Judge Michael Beale in Richmond County Superior Court. Heard in the Court of Appeals 20 April 2006.

*Kitchin, Neal, Webb, Webb & Futrell, P.A., by Henry L. Kitchin and Stephan R. Futrell for plaintiff-appellee.*

*Robinson Elliott & Smith, by William C. Robinson for defendant-appellant.*

CALABRIA, Judge.

The unnamed defendant, Allstate Insurance Company ("Allstate"), an under-insured motorist insurance provider, appeals an order and judgment granting Karen Scott Lovin's ("plaintiff") motion to amend an arbitration award to include prejudgment interest. We affirm.

On or about 14 February 1992, plaintiff and Richard Wayne Byrd ("defendant") were involved in an automobile accident. On 5 January 1995, plaintiff filed a complaint against the defendant for negligence. After Allstate filed an answer, the plaintiff exercised her contractual right to demand arbitration. The parties agreed Gary S. Hemric ("Mr. Hemric") would serve as the arbitrator and decide on the appropriate amounts for compensatory damages, prejudgment interest, and costs. At the arbitration proceeding, both parties presented evidence. On 28 April 2005, Mr. Hemric awarded plaintiff $127,968.50 in compensatory damages, but expressly declined to award prejudgment interest. Mr. Hemric stated, in pertinent part:

> This award is intended to reflect only my opinion as to the amount of compensation due Mrs. Lovin from the defendant. I have not attempted to calculate or take into account prejudgment interest in this award. The determination whether prejudgment interest should be paid by defendant and if so in what amount, is expressly left to counsel for the parties and a Superior Court Judge in Richmond County to decide. This will confirm my understanding that the parties have an arbitration agreement which anticipated a separate award of prejudgment interest; I am expressly declining to make that separate award of prejudgment interest at this time because I do not know enough about the history of the litigation to make an informed decision in that regard.

On 4 May 2005, plaintiff filed a motion to confirm the arbitration award and to award costs and interests. Plaintiff's motion specifically requested the court award prejudgment interest from the date of filing until paid less any credit previously paid by defendant's underlying primary insurance carrier. Allstate replied to plaintiff's motion to confirm the arbitration award and to award costs and interest. On 6 June 2005, Judge Preston Cornelius confirmed the arbitrator's award for compensatory damages. In addition, the court awarded plaintiff prejudgment interest at the legal rate of interest of eight percent (8%). Allstate filed a Rule 60 motion requesting the trial court vacate its order since plaintiff's motion was never placed on the trial court cal-

endar, counsel for Allstate never received notice to appear and therefore never appeared at the hearing. On 25 July 2005, Judge Michael Beale determined notice was inadequate and ordered a rehearing pursuant to Rule 60. Judge Beale confirmed the amount of the prior arbitration award less the credit. The principal amount was $127,968.50 in compensatory damages minus a credit of $25,000, an amount previously paid to the plaintiff by defendant's underlying primary insurance carrier. Judge Beale also awarded plaintiff eight percent (8%) interest from the date of filing up to and including the date the principal amount was paid, the 30th day of June 2005, for a total amount of $86,324.56 in prejudgment interest. Defendant appeals.

I. *Prejudgment Interest:*

Defendant argues the trial court erred when it allegedly modified the arbitrator's award to include prejudgment interest. Defendant contends N.C. Gen. Stat. § 1-569.24 places strict limitations on a trial court's ability to modify an arbitration award. Defendant further contends that because the grounds for the alleged modification do not fall within the express parameters of § 1-569.24, the trial court erred in awarding prejudgment interest to the plaintiff. We disagree.

N.C. Gen. Stat. § 1-569.24 (2005), which governs modification of an arbitration award, states in relevant part:

(a) Upon motion . . . the Court shall modify or correct the award if:

(1) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) The arbitrator has made an award on a claim not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the claims submitted; or

(3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

(b) If a motion made under subsection (a) of this section is granted, the court shall modify and confirm the award as modified or corrected. Otherwise, unless a motion to vacate is pending, the court shall confirm the award.

N.C. Gen. Stat. § 1-569.24 applies only if the trial court modified the arbitration award. Black's Law Dictionary defines modification as

"1. [a] change to something; an alteration." Black's Law Dictionary 1025 (8th ed. 2004). Here, the trial court did not change or alter any provision of the arbitration award, but merely enforced it as written. At the arbitration proceeding, Mr. Hemric stated "the parties have an arbitration agreement which anticipated a separate award of prejudgment interest," but he did not calculate the amount at that time. Mr. Hemric stated the amount of the award was left open to be determined by "counsel for the parties and a Superior Court Judge in Richmond County[.]" Superior Court Judge Michael Beale found the arbitrator expressly stated the amount of prejudgment interest was unknown at the time, but could be determined by counsel for the parties and the Superior Court of Richmond County.

N.C. Gen. Stat. § 24-5(b) (2005) provides "any portion of a money judgment designated by the fact finder as compensatory damages bears interest *from the date the action is commenced until the judgment is satisfied*[.]" (emphasis added). Judge Beale calculated the amount of prejudgment interest based upon the following: a legal rate of interest of eight percent (8%) and Mr. Hemric's award of $127,968.50 in compensatory damages decreased by the $25,000 credit previously paid to the plaintiff by the defendant's underlying primary insurance carrier. The legal rate of interest applied from the date the action commenced, 5 January 1995, to the date the principal amount was paid, 30 June 2005. Therefore, Judge Beale's mathematical calculation, largely a ministerial function, does not amount to a modification of the arbitration award, but rather enforces the award as written.

We note the instant case is distinguishable from both *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 499 S.E.2d 801 (1998) and *Eisinger v. Robinson*, 164 N.C. App. 572, 596 S.E.2d 831 (2004). In *Palmer*, this Court affirmed the trial court's confirmation of an arbitration award absent prejudgment interest reasoning "we are persuaded by the fact that neither the arbitration agreement nor the arbitration award . . . makes any provision for the award of prejudgment interest." *Palmer*, 129 N.C. App. at 498, 499 S.E.2d at 807. Similarly, in *Eisinger*, this Court denied plaintiff's motion for prejudgment interest stating "[p]laintiff and defendant agreed at the time of the hearing that the award would be only for the value of the personal injury claim *and would not include interest* or costs." *Eisinger*, 164 N.C. App. at 574, 596 S.E.2d at 832 (emphasis added). In the case *sub judice*, however, both the arbitration agreement as understood between the parties and the arbitration award as drafted by Mr.

**DON SETLIFF & ASSOCS. v. SUBWAY REAL ESTATE CORP.**

[178 N.C. App. 385 (2006)]

Hemric contemplate an award of prejudgment interest. Consequently, as the facts are readily distinguishable, neither *Palmer* nor *Eisinger* control in the instant case. We hold Judge Beale did not modify the arbitration award when he calculated prejudgment interest, but merely enforced the award as written.

Affirmed.

Judges McCULLOUGH and STEELMAN concur.