WAYNE G. SPRAKE AND WIFE, JANICE R. SPRAKE, PLAINTIFFS v. GEORGE LECHE, NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY, DEFENDANTS

No. COA06-1690

(Filed 15 January 2008)

## 1. Arbitration and Mediation— award exceeding authority— remanded

The trial court did not err by vacating an arbitration award based on its decision that the arbitration panel exceeded its authority, as allowed by N.C.G.S. § 1-567.13(a)(3) (2001), and then remanding to the arbitration panel as permitted by N.C.G.S. § 1-567.13(c) (2001).

## 2. Arbitration and Mediation— prejudgment interest—ambiguity—interpretation against insurance company

The trial court did not err by confirming an arbitration award which contained prejudgment interest where the arbitration provision was within an automobile insurance policy, the policy language was ambiguous as to whether prejudgment interest was available, and that ambiguity was resolved against the insurance company.

Appeal by defendant insurance company from order and judgment entered 3 October 2006 by Judge Russell G. Walker, Jr., in Orange County Superior Court. Heard in the Court of Appeals 30 August 2007.

*Thomas, Ferguson & Mullins, L.L.P., by Jay H. Ferguson, for plaintiffs.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendant.*

ELMORE, Judge.

On 22 September 2001, Janice G. Sprake (plaintiff) was riding as a passenger on a motorcycle when George Leche (defendant-tortfeasor), an uninsured motorist, struck her with his vehicle. On 6 June 2003, plaintiff filed suit against the uninsured motorist carrier, North Carolina Farm Bureau Mutual Insurance Company (defendant). In her complaint, plaintiff requested that the matter be arbitrated as provided for by defendant's insurance policy. The trial court therefore stayed her action and referred the matter to arbitration.

Prior to the arbitration, plaintiff requested prejudgment interest; defendant objected, stating that the arbitration panel lacked the authority to grant such relief. The arbitration panel deferred its decision on plaintiff's request until after it determined the amount of compensatory damages to which plaintiff was entitled.

The arbitration panel held its hearing on 9 February 2006, and issued the first of two awards on 13 February 2006. In it, the arbitration panel awarded plaintiff $85,000.00. Plaintiff then renewed her request for prejudgment interest. On 16 March 2006, after receiving briefs from the parties, the arbitration panel issued a final award in which it found that it did have the authority to award prejudgment interest and that such an award was appropriate in this case. One member·of the three member panel dissented on the grounds that he did not believe the panel had the authority to grant such relief.

Plaintiff filed a motion to confirm the award with the trial court, and defendant filed a motion to vacate, as well as a supplemental motion to vacate. Following a 24 April 2006 hearing, the trial court denied plaintiff's motion, granted defendant's motion, and remanded the case to the arbitration panel for further findings on 12 July 2006. · In response, the arbitration panel entered an amended award, again awarding plaintiff prejudgment interest with a divided panel. Plaintiff again filed a motion to confirm and defendant filed a˙ motion to vacate. On 3 October 2006, the trial court confirmed the order. Defendant appealed both the original order remanding the case to the arbitration panel and the subsequent order confirming the panel's amended award.

[1] In its first argument on appeal, defendant contends that the trial court's 12 July 2006 remand of the matter to the arbitration panel was in violation of then-current statute. We disagree.

As defendant argues, and plaintiff agrees, because the incident at issue took place in 2001, the previous version of the Uniform Arbitration Act applies to this case. *See* N.C. Gen. Stat. § 1-569.3 (2005) (stating that the Revised Uniform Arbitration Act applies to agreements to arbitrate entered into after 1 January 2004 or if all of the parties agree that it applies). Under the Uniform Arbitration Act as it was in 2001 (UAA), "Upon application of a party, the court shall vacate an award where: . . . (3) The arbitrators exceeded their powers . . . ." N.C. Gen. Stat. § 1-567.13(a) (2001). In such a case, the statute goes on to state that "if the award is vacated on grounds set forth in subdivisions (3) or (4) of subsection (a) the court may order

a rehearing before the arbitrators who made the award . . . ." N.C. Gen. Stat. § 1-567.13(c) (2001).

It is not clear exactly what defendant's argument is. Defendant appears to concede that the trial court vacated the award for the reasons set out in N.C. Gen. Stat. § 1-567.13(a)(3), stating in its brief, "The trial court held that the panel exceeded its powers and remanded the matter to the arbitration panel for a rehearing." Indeed, that is also how this Court understands the trial court's order, which reads, in pertinent part: "the arbitrators have not claimed or demonstrated any particular authority or power to [issue the award as written], thus they have exceeded any powers and authority they may have had to do so . . . ."

However, despite its statement that "If the award was vacated and remanded due to the panel exceeding their authority, then the trial court was correct in ordering a new hearing before the same panel," defendant goes on to claim that "it was error for the trial court to remand the matter back to the same panel without specifically setting forth the reasons the panel exceeded its authority." Defendant's vague contention is entirely unsupported by the cases to which it cites; indeed, we can find no support for it anywhere in the law. The trial court vacated the award, as allowed by N.C. Gen. Stat. § 1-567.13(a)(3), based on its decision that the arbitration panel exceeded its authority. It then remanded to the arbitration panel as permitted by N.C. Gen. Stat. § 1-567.13(c). Defendant's argument has no merit.

[2] Defendant next claims that the trial court erred in confirming the amended award, which granted plaintiff prejudgment interest. Defendant contends that neither the arbitration agreement nor North Carolina law permit an arbitration panel to award prejudgment interest in this case. We disagree.

To begin with, we note that prejudgment interest can be appropriate in the uninsured motorist context. *See, e.g., Lovin v. Byrd,* 178 N.C. App. 381, 384-85, 631 S.E.2d 58, 61 (2006) (upholding an award of prejudgment interest in a case in which "both the arbitration agreement as understood between the parties and the arbitration award as drafted" allowed such relief). Accordingly, the only question properly before this Court is whether the arbitration agreement allowed the arbitration panel to consider and award prejudgment interest. We hold that the agreement did allow such an award, and that the arbitration panel properly exercised its authority in granting it.

"[P]rejudgment interest issues will be decided by our courts based upon the court's interpretation of the specific insurance policy under review in each particular case." *Eatman Leasing, Inc. v. Empire Fire & Marine Ins. Co.*, 145 N.C. App. 278, 289, 550 S.E.2d 271, 277 (2001) (citation omitted). In this case, the arbitration agreement in question is embodied in the insurance contract that defendant issued. "Questions concerning the meaning of contractual provisions in an insurance policy are reviewed *de novo* on appeal." *Register v. White*, 358 N.C. 691, 693, 599 S.E.2d 549, 552 (2004) (citations omitted). In *Register*, our Supreme Court went on to state:

> The primary goal in interpreting an insurance policy is to discern the intent of the parties at the time the policy was issued. If the terms of the policy are plain, unambiguous, and susceptible of only one reasonable construction, the courts will enforce the contract according to its terms. If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder.

*Id.* at 695, 599 S.E.2d at 553 (quotations and citations omitted).

Defendant argues that the language of the agreement did not include any specific provision allowing prejudgment interest. The contract permits an insured party to demand arbitration when the parties "do not agree: 1. Whether that insured is legally entitled to recover compensatory damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle; or 2. As to the amount of such damages . . . ." It is true that there is no explicit mention of prejudgment interest in this section. However, as our Supreme Court has stated,

> [a]n ambiguity can exist when, even though the words themselves appear clear, the specific facts of the case create more than one reasonable interpretation of the contractual provisions. In interpreting the language of an insurance policy, courts must examine the policy from the point of view of a reasonable insured.

*Id.*

This Court has applied the rule that "prejudgment interest up to the amount of the carrier's liability limit is part of compensatory damages for which the UIM carrier is liable." *Austin v. Midgett*, 159 N.C. App. 416, 419, 583 S.E.2d 405, 408 (2003) (citing *Baxley v.*

*Nationwide Mutual Ins. Co.*, 334 N.C. 1, 11, 430 S.E.2d 895, 901 (1993)). This Court has also noted that "unless the policy of insurance provides to the contrary, prejudgment interest constitutes a portion of a plaintiff's damage award." *Ledford v. Nationwide Mutual Ins. Co.*, 118 N.C. App. 44, 50, 453 S.E.2d 866, 869 (1995). Given the law as it stands in this State, we hold that the provision granting the arbitration panel authority to address issues of "compensatory damages" was ambiguous as to whether prejudgment interest was available. As such, we resolve our doubt "against the insurance company and in favor of the policyholder." *Register*, 358 N.C. at 695, 599 S.E.2d at 553. The arbitration panel had the authority to address the issue and the trial court properly confirmed the amended award. Defendant's assignment of error regarding the trial court's denial of its motion to vacate the arbitration award is likewise without merit. We therefore affirm the order of the trial court.

Affirmed.

Judges STEELMAN and STROUD concur.