J. WAYNE KING, Plaintiff,
v.
PEGGY SAIN LINGERFELT, Defendant.
No. COA07-1193
Court of Appeals of North Carolina.
Filed May 20, 2008
This case not for publication
Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, by Forrest A. Ferrell, and Bryce Thomas & Associates, by Bryce O. Thomas, Jr., for plaintiff-appellee.
Teague, Rotenstreich, Stanaland, Fox & Holt, L.L.P., by Stacey R. Walters and Kenneth B. Rotenstreich, for unnamed defendant-appellant.
BRYANT, Judge.
Nationwide Mutual Insurance Company, underinsured motorist insurance carrier and unnamed defendant, appeals from a court order affirming an arbitration award, ordering that plaintiff J. Wayne King recover $25,000 of a $75,000 obligation from unnamed defendant and, additionally, recover interest on the $75,000 from unnamed defendant.
On 13 February 2002, plaintiff and defendant Peggy Lingerfelt were involved in a motor vehicle accident. Plaintiff, in a complaint filed in Catawba County Superior Court, alleged that, by colliding with the rear of plaintiff's vehicle, defendant was negligent. Unnamed defendant answered the complaint and subsequently moved to refer the matter to binding arbitration and stay the trial pending the arbitration. The trial court granted the motion.
For a partial settlement amount of $50,000 paid 21 January 2006, plaintiff released defendant, Peggy Linger felt, and Lingerfelt's insurance company, State Farm, from the enforcement of any judgment resulting from the aforementioned accident. Plaintiff reserved the right to pursue an underinsured motorist claim.
On 4 January 2007, the arbitration panel awarded plaintiff $75,000. The panel further stated the following:
This award is for the gross value of the claim and addresses only the issue of damages. It does not address such collateral matters as: interest, if any; set-offs, if any; credits, if any; costs, if any; attorney fees, if any; workers compensation reimbursement, if any; medical insurance reimbursement, if any; Medicare or Medicaid reimbursements, if any; veteran administration benefits, if any; or any other similar issues. The parties had no agreement addressing the issue of prejudgment interest or entitlement thereto. The arbitration panel has not and did not address the issue of prejudgment interest entitlement. The issue of prejudgment interest is left by the panel to be addressed by the parties or a Court of competent jurisdiction.
[Original emphasis].
On 8 February 2007, plaintiff, in Catawba County Superior Court, made a motion for the trial court to adopt the award of the arbitration panel as judgment and, from the date of the filing of the lawsuit until all payments were made, assess interest. In an order entered 20 March 2007, the trial court affirmed and adopted the arbitration award of $75,000 to plaintiff. Additionally, the trial court concluded as a matter of law that "damages" as used in uninsured and underinsured insuring agreements and the limit of liability clauses sub judice included interest. The trial court further concluded that based on the compensatory damage limit of the underinsured motorist policy, there remained $225,000 available to pay applicable interest.
On the full award of $75,000, the trial court ordered that plaintiff recover from unnamed defendant prejudgment and post-judgment interest assessed from 9 February 2005 to 21 January 2006 at the rate of 8% per annum. From 22 January 2006, the day after plaintiff received $50,000 from defendant and defendant's insurance company, until paid in full, the trial court ordered that plaintiff recover from unnamed defendant prejudgment and post-judgment interest at the rate of 8% on the remaining $25,000. Unnamed defendant timely appealed.
On appeal, unnamed defendant raises the following five issues: (I) did the trial court err in concluding as a matter of law that "damages" included pre-and post-judgment interest; (II) did the trial court err by adding interest to the binding arbitration award; (III) did the trial court err in concluding as a matter of law that plaintiff was entitled to pre-and post-judgment interest from the time of the filing until paid; (IV) did the trial court err in concluding the addition of the interest to the arbitration award was a calculation and not a modification of the arbitration award; and (V) did the trial court err in concluding plaintiff is entitled to the addition of both pre-and post-judgment interest.
(I) Unnamed defendant argues the trial court erred in concluding as a matter of law that "damages" included pre-and post-judgment interest.
In Baxley v. Nationwide Mut. Ins. Co., 334 N.C. 1, 430 S.E.2d 895 (1993), our Supreme Court was presented the question "whether the [Underinsured Motorist] carrier, Nationwide, [was] obligated to pay prejudgment interest up to its policy limits." Id. at 6, 430 S.E.2d at 898 (emphasis omitted). In analyzing the issue, the Court reviewed the language of the policy.
The contractual language that supports our holding is Nationwide's promise to pay, up to its UIM policy limit,
damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
1. Bodily injury sustained by a covered person and caused by an accident; and
2. Property damage caused by an accident.
In interpreting this language we must determine what "damages" the insured is "legally entitled to recover" from the tort-feasor because of bodily injury.
Id. at 6-7, 430 S.E.2d at 899. The Court went on to reason "the insured is legally entitled to recover the total amount of money that the judgment says she is entitled to recover from the tort-feasor. In [Baxley], the judgment awarded the insured . . . compensatory damages and prejudgment interest . . . ." Id. at 7,430 S.E.2d at 899 (emphasis omitted). Ultimately, the Court held as follows:
The UIM carrier has agreed to pay the insured the "damages" she is legally entitled to recover from the tort-feasor as a result of bodily injury. Plaintiff is entitled to recover the prejudgment interest from the tort-feasor but is unable to do so since the tort-feasor is underinsured. Thus, the UIM carrier must step in to pay the insured these damages up to its policy limits.
Id. at 7, 430 S.E.2d at 899.
This Court has interpreted Baxley to mean that in the absence of a policy exclusion, prejudgment interest is anticipated to constitute a portion of plaintiff's compensatory damage award. See Austin v. Midgett, 159 N.C. App. 416, 419, 583 S.E.2d 405, 408 (2003); accord Ledford v. Nationwide Mut. Ins. Co., 118 N.C. App. 44, 50, 453 S.E.2d 866, 869 (1995) ("[U]nless the policy of insurance provides to the contrary, prejudgment interest constitutes a portion of a plaintiff's damage award."). Our Supreme Court has also stated that under N.C. Gen. Stat. § 24-5(b), our General Assembly provides for post-judgment interest on judgments for money damages generally. See Custom Molders, Inc. v. American Yard Prods., Inc., 342 N.C. 133, 138, 463 S.E.2d 199, 202 (1995).
Here, unnamed defendant's personal auto insurance policy states, under the title "Combined Uninsured/Underinsured Motorist Coverage," unnamed defendant will "pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured and caused by an accident." Thus, we cannot say the trial court erred in concluding as a matter of law that "damages" included pre-and post-judgment interest. Accordingly, defendant's assignment of error is overruled.
(II, IV, & V) Next, defendant argues the trial court erred by adding interest to the binding arbitration award.
Under the North Carolina General Statutes section 1-569.24, modification or correction of an award under the Revised Uniform Arbitration Act, a court shall modify or correct an award if:
(1) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
(2) The arbitrator has made an award on a claim not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the claims submitted; or
(3) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
N.C. Gen. Stat. § 1-569.24(a) (2007).
In Eisinger v. Robinson, 164 N.C. App. 572, 596 S.E.2d 831 (2004), this Court relied on the provisions under N.C. Gen. Stat. § 1-567.14(a) (2002) to uphold a trial court ruling that prejudgment interest could not be awarded in an arbitration arising out of an underinsurance policy. Id. at 576-77, 596 S.E.2d at 833-34 (citing Palmer v. Duke Power Co., 129 N.C. App 488, 499 S.E.2d 801 (1998)). The Court reasoned that N.C.G.S. § 1-567.14 provided "the sole means by which a party may have an award modified or corrected." Id. at 577, 596 S.E.2d at 834. And, where "the arbitrator's failure to include prejudgment interest was not due to mathematical error, error relating to form, or error resulting from his exceeding his authority . . . the trial court was without authority to modify the award to include prejudgment interest." Id. at 577, 596 S.E.2d at 834 (internal citation and quotations omitted).
In Lovin v. Byrd, 178 N.C. App. 381, 631 S.E.2d 58 (2006), this Court distinguished Eisinger and upheld a trial court's ruling to calculate prejudgment interest after an arbitration award was drafted. Id. at 384-85, 631 S.E.2d at 60-61. The Lovin Court reasoned that distinct from Eisinger and Palmer, the arbitration agreement between the parties and the drafted arbitration award contemplated an award of prejudgment interest. Id. Thus, the Lovin Court held that the trial court did not modify the arbitration award but merely enforced the award as written. Id. at 385, 631 S.E.2d at 61.
Here, with regard to the arbitration award, the trial court made the following unchallenged finding:
The parties had no agreement addressing the issue of prejudgment interest or entitlement thereto. The arbitration panel has not and did not address the issue of prejudgment interest entitlement. The issue of prejudgment interest is left by the panel to be addressed by the parties or a Court of competent jurisdiction.
As we have already upheld the trial court's ruling that the compensatory damages defendant contracted to pay under its underinsured motorist policy comprehended the inclusion of prejudgment interest, we hold, consistent with Lovin, that the trial court, by calculating prejudgment interest, merely enforced the arbitration award as written.
Accordingly, these assignments of error are overruled.
(III) Next, defendant argues the trial court erred in concluding as a matter of law that the plaintiff was entitled to both pre-and post-judgment interest from the time of filing the suit until paid.
Defendant argues that the agreement for underinsured motorist coverage provides payment for damages "only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements"; therefore, there is no obligation to pay underinsured coverage until the liability policy limits has been exhausted. As defendant did not make payment of $50,000, the extent of defendant's insurance policy, until 21 January 2006, unnamed defendant's obligation to pay should not accrue until then.
Under the terms of the personal auto policy, the unnamed defendant agreed to "pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle . . . ." As discussed under section (I), pursuant to Baxley,
The UIM carrier has agreed to pay the insured the "damages" she is legally entitled to recover from the tort-feasor as a result of bodily injury. Plaintiff is entitled to recover the prejudgment interest from the tort-feasor but is unable to do so since the tort-feasor is underinsured. Thus, the UIM carrier must step in to pay the insured these damages up to its policy limits.
Baxley, 334 N.C. at 7, 430 S.E.2d at 899. Accordingly, this assignment of error is overruled.
Affirmed.
Judges WYNN and JACKSON concur.
Report per 30(e).