BENJI HAMBY, Plaintiff v. ADAM P. WILLIAMS, Defendant

No. COA08-662

(Filed 5 May 2009)

**1. Insurance— UIM—compensatory damages—prejudgment interest**

A UIM policy provided for prejudgment interest where it stated that the UIM carrier would pay all sums the insured was legally entitled to recover as compensatory damages. It has been held that prejudgment interest is part of the compensatory damages for which a UIM carrier is liable.

**2. Arbitration and Mediation— prejudgment interest—deferred to trial court—award not a modification**

The trial court erred by not awarding prejudgment interest to plaintiff where an arbitration award had deferred the issue to the trial court. The award of interest here would not be a modification of the arbitration award, and cases involving an interest award by the trial court where the arbitration award had not included interest were not applicable. The interest provision in N.C.G.S. § 24-5(b) for compensatory damages is mandatory.

**3. Judgments— prejudgment interest—credit for payments made**

In a case arising from an automobile accident and involving tortfeasors' insurance, workers' compensation insurance, and UIM insurance, plaintiff was to be awarded interest from the date of the filing of the complaint until the dates of payment of amounts credited and paid, and interest on unpaid balances from the filing of the complaint until paid.

HAMBY v. WILLIAMS

[196 N.C. App. 733 2009)]

Appeal by plaintiff from judgment entered 5 February 2008 by Judge Christopher M. Collier in Rowan County Superior Court. Heard in the Court of Appeals 4 December 2008.

*Ramsay Law Firm, P.A., by Martha L. Ramsay, for plaintif-appellant.*

*York, Williams, Barringer & Lewis, L.L.P., by Gregory C. York and Angela M. Easley, for defendant-appellee.*

STEELMAN, Judge.

Where the underinsured motorists provision of an automobile insurance policy provides for payment of "compensatory damages" and the arbitration award defers the issue of prejudgment interest to the trial court, the trial court erred in refusing to award plaintiff prejudgment interest on the amount of the arbitration award.

## I. Factual and Procedural Background

Benji Hamby (plaintiff) filed this action on 17 May 2006 to recover monetary damages for bodily injuries suffered in an automobile accident that occurred in the course and scope of his employment on 22 May 2003. Defendant Adam Williams was the driver of the other vehicle in the accident, which was owned by Jane Williams. Prior to the filing of plaintiff's complaint, Williams' insurer, Encompass Insurance, tendered its full policy limits of $30,000.00 to plaintiff. The Williamses are not parties to this appeal.

Plaintiff was operating a vehicle owned by his employer at the time of the accident. The insurance policy on that vehicle had underinsured motorists insurance coverage. On 31 July 2006, plaintiff requested binding arbitration with the underinsured motorist carrier (UIM carrier), which was an unnamed party to this action. On 14 August 2006, the parties entered into a Consent Order compelling binding arbitration of plaintiff's underinsured motorist claim. This action was stayed, with the trial court retaining jurisdiction of the matter until it was fully concluded. Prior to the arbitration hearing, the parties entered into stipulations, including that: "The parties agree that the issue to be determined by the arbitration panel is: What amount is the Plaintiff entitled to recover for his damages resulting from the auto accident of May 22, 2003?"

On 21 November 2007, the arbitration panel heard arguments from counsel and reviewed the evidence. The question of whether

plaintiff was entitled to prejudgment interest was raised before the arbitration panel. On 7 December 2007, plaintiff was awarded $250,000.00, with interest and costs specifically being excluded. Rather than deciding whether plaintiff was entitled to prejudgment interest, the arbitration panel passed this issue back to the trial court by stating: "Counsel for Plaintiff presented the issue of prejudgment interest, together with evidence of the filing date of the lawsuit. Counsel for Defendant did not consent to our awarding a specific stated sum on this issue. The matter is therefore deferred to the Superior Court for further review."

On 7 January 2008, plaintiff filed a Motion for Interest and Determination of Workers' Compensation Payments. Plaintiff asserted that UIM carrier had made payment in the amount of $112,138.26 on 21 December 2007 and that UIM carrier had erroneously calculated plaintiff's workers' compensation benefits in the amount of $109,114.29. Plaintiff asserted the correct amount was $103,160.68. Plaintiff further requested an award for payment of interest on the arbitration award in the amount of $31,178.07, confirmation of the current amount of workers' compensation benefits paid to and on behalf of plaintiff, and confirmation of the award against UIM carrier.

On 16 January 2008, UIM carrier filed a Memorandum in Opposition to plaintiff's motion and argued plaintiff was not entitled to interest on the arbitration award. UIM carrier also requested a determination of the amount of workers' compensation payments made to plaintiff.

The matter was heard on 22 January 2008. By order filed on 5 February 2008, the trial court denied plaintiff's motion for interest and confirmed the arbitration award. The trial court further ordered: (1) UIM carrier was entitled to an offset in the amount of $133,160.68 based upon the payment of $30,000.00 by the liability carrier and the payment of $103,160.68 in workers' compensation benefits and (2) UIM carrier had made payment in partial satisfaction of the arbitration award in the amount of $112,138.26 on 21 December 2007. Plaintiff appeals.

## II.  Prejudgment Interest

Plaintiff brings forward five assignments of error contending that the trial court erred in confirming the arbitration award without prejudgment interest. We agree, and consolidate the five assignments of error for purposes of analysis.

In the instant case, a copy of the applicable insurance policy was certified by UIM carrier, and is included in the record on appeal. The policy appears to provide for underinsured motorists coverage of $1,000,000.00. It contains an endorsement for uninsured motorist coverage, but no endorsement for underinsured motorist coverage. The parties and, in particular, UIM carrier have treated the provisions of the uninsured motorists coverage endorsement as controlling, making specific reference to those pages of the policy. We treat this as a stipulation that the referenced provisions control.

## A.  Was Prejudgment Interest Authorized by Policy?

[1]  We first determine whether the insurance policy provided for prejudgment interest. UIM carrier contends that the policy "does not specify anywhere that a party is entitled to prejudgment interest on an arbitration or jury award." This assertion is incorrect. The applicable provision of the policy provides that "[UIM carrier] will pay all sums the 'insured' is legally entitled to recover as compensatory damages . . . ." In *Sprake v. Leche*, 188 N.C. App. 322, 658 S.E.2d 490 (2008), this Court held that prejudgment interest is part of compensatory damages for which an UIM carrier is liable. *Id.* at 325, 658 S.E.2d at 492 (citing *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 11, 430 S.E.2d 895, 901 (1993) and *Austin v. Midgett*, 159 N.C. App. 416, 419, 583 S.E.2d 405, 409 (2003)). Since the policy specifically provides for payment of "compensatory damages" these cases control. The arbitration provision provides that if the parties disagree on the amount of damages, then the matter may be arbitrated. The arbitration provision in no manner limits the scope of "compensatory damages" and the above-referenced provision of the policy controls.

## B.  Cases Dealing with Failure of Arbitrator to Award Interest

[2]  Our Courts have previously considered cases where the arbitrator does not award interest on a compensatory award. Plaintiff argues that the cases of *Sprake v. Leche, supra,* and *Lovin v. Bird,* 178 N.C. App. 381, 631 S.E.2d 58 (2006) control, while UIM carrier contends that the cases of *Eisinger v. Robinson*, 164 N.C. App. 572, 596 S.E.2d 831 (2004), and *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 499 S.E.2d 801 (1998) control.[1] We hold  that this case is con-

---

1. On 7 April 2009, this Court decided the case of *Blanton v. Isenhower*, 196 N.C. App. ——, ——, S.E.2d —— (April 7, 2009) (No. 08-864). This case is not cited or argued by the parties, but its holding is consistent with those in *Palmer* and *Eisinger*. In *Blanton*, the arbitrator did not award prejudgment interest, nor was there a reservation of that issue by the arbitrator to the trial court for resolution. Further, the plaintiff con-

trolled by the *Lovin* case, and that the trial court erred in not awarding prejudgment interest to plaintiff.

The issue presented in these cases is whether a trial court should award prejudgment interest where the arbitration award did not include interest. In *Palmer*, the arbitration award did not provide for prejudgment interest. Plaintiff moved the trial court for an award of prejudgment interest, which was denied. On appeal, this Court held that since neither the arbitration agreement nor the arbitration award made provision for prejudgment interest, the trial court properly affirmed the award as written. *Palmer*, 129 N.C. App. at 498, 499 S.E.2d at 807. In *Eisinger*, it appears that the arbitration award contained no provision for prejudgment interest, and the trial court confirmed the award, without interest. This Court followed the rationale of *Palmer*, and affirmed the trial court. *Eisinger*, 164 N.C. App. at 576-77, 596 S.E.2d at 833-34.

In *Lovin*, the arbitration award specifically stated that it did not include prejudgment interest and left that question for "a Superior Court Judge in Richmond County to decide." *Lovin*, 178 N.C. App. at 382, 631 S.E.2d at 59. The trial court entered judgment, which included an award of prejudgment interest. The defendant argued that the trial court improperly modified the arbitration award in violation of N.C. Gen. Stat. § 1-569.24. We held that given the language of the arbitration award reserving any computation of prejudgment interest to the trial court, that there was no modification. We further distinguished both *Palmer* and *Eisinger* because the arbitration agreement and award in *Lovin* contemplated an award of prejudgment interest. *Id.* at 384-85, 631 S.E.2d at 60-61. In *Sprake*, the arbitration panel awarded prejudgment interest, and the trial court confirmed the award. This Court held that the language of the arbitration agreement giving the panel authority to address "compensatory damages" was ambiguous as to prejudgment interest. We then resolved the ambiguity against the insurance company, citing *Register v. White*, 358 N.C. 691, 695, 599 S.E.2d 549, 553 (2004), and upheld the award of interest. *Sprake*, 188 N.C. App. at 326, 658 S.E.2d at 492.

In the instant case, the parties consented to arbitrate plaintiff's UIM claim "in accordance with the terms of the policy of insurance[.]" The parties stipulated that the issue to be determined was the amount of plaintiff's "damages resulting from the auto accident of

ceded in his appellate brief that the issue of prejudgment interest was never raised before the arbitration panel. *Blanton* is thus distinguishable from the instant case.

May 22, 2003[.]" The terms of the policy provided for "compensatory damages," which included prejudgment interest. *Id.* at 325, 658 S.E.2d at 492. We thus hold the arbitration agreement did encompass prejudgment interest. Since the arbitration agreement encompassed prejudgment interest, and this issue was deferred to the trial court for resolution, *Palmer*, *Eisinger*, and *Blanton* are not applicable, and an award of prejudgment interest would not constitute a modification of the arbitration award. N.C. Gen. Stat. § 24-5(b) (2007) provides that: "[i]n an action other than contract, any portion of a money judgment designated by the factfinder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." We hold this provision to be mandatory and not discretionary on the part of the trial court, and that the trial court erred in not awarding prejudgment interest to plaintiff. The portion of the trial court's order denying prejudgment interest to plaintiff is reversed and this matter is remanded for entry of judgment awarding plaintiff prejudgment interest.

### C. Finding of Compensatory Damages

Finally, UIM carrier argues that "no factfinder designated the Arbitration Award as 'compensatory damages'" and that any award of prejudgment interest is not authorized under N.C. Gen. Stat. § 24-5(b). We find this argument to be disingenuous. As discussed above, the scope of damages was set forth in the insurance policy as "compensatory damages[.]" The arbitration award clearly stated that the award was exclusive of interest and costs. This argument is without merit.

### D. Computation of Award of Prejudgment Interest

[3] We note that plaintiff did not appeal the portions of the trial court's order awarding UIM carrier a credit for the $30,000.00 paid by the tortfeasors' insurance carrier and the $103,160.68 in workers' compensation benefits paid to plaintiff. Plaintiff is not to be awarded interest on either of those two credits after the date of payment to plaintiff. Plaintiff is not to be awarded interest on the partial payment of $112,138.26 made by UIM carrier on 21 December 2007, after that date. Plaintiff is to be awarded interest from the date of filing of the complaint, 17 May 2006, until the dates of payment of the amounts credited and paid, as set forth above. N.C. Gen. Stat. § 24-5(b). Plaintiff is to be awarded interest on any unpaid balances from the date of filing of the complaint, until paid.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges CALABRIA and STROUD concur.