DILLON, Judge.
 

 *748
 
 The Unnamed Defendant, North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") appeals from a judgment entered
 
 *749
 
 by the trial court confirming an arbitration award in favor of Lee Vander Thompson ("Plaintiff"). The arbitration panel awarded Plaintiff $110,000. In confirming the award, the trial court
 
 also
 
 granted Plaintiff pre-award and post-award/pre-judgment
 
 [1]
 
 interest
 
 *610
 
 on the $110,000 figure, as well as approximately $1,100 in costs associated with the action. For the following reasons, we affirm in part and reverse in part.
 

 I. Background
 

 In October 2013, Plaintiff and Walter Speller ("Defendant") were involved in a motor vehicle collision in which Plaintiff was injured. At the time of the accident, Farm Bureau was Plaintiff's underinsured motorist insurer. Under Plaintiff's policy (the "Policy"), Farm Bureau was obligated to pay compensatory damages to Plaintiff in the event that Plaintiff was injured by an at-fault driver whose liability coverage limits were too low to cover his damages.
 

 Following the accident, Plaintiff settled with Defendant's liability insurance carrier. Also, Farm Bureau advanced to Plaintiff a total of $35,000, which included the following: (1) $5,000, the maximum medical payment under the Policy, and (2) $30,000, representing the liability limits of Defendant's liability policy.
 
 [2]
 
 However, because Farm Bureau and Plaintiff were ultimately unable to settle on the amount of total damages Plaintiff was entitled to recover, Plaintiff demanded arbitration pursuant to the arbitration provision of the Policy.
 

 The case was heard by a three-member arbitration panel which rendered a unanimous arbitration award of $110,000. The award specifically provided that "[t]he arbitrators did
 
 not
 
 consider interest or costs in the determination of th[e] award." (Emphasis added.)
 

 Plaintiff filed a motion with the trial court for an order confirming the $110,000 arbitration award
 
 and
 
 for interest and costs. In confirming the arbitration award, the trial court entered judgment for Plaintiff for $110,000
 
 plus
 
 $8,000 in pre-award interest (calculated from the filing of the complaint to the date of the arbitration award)
 
 plus
 
 $805 in
 
 *750
 
 post-award/pre-judgment interest (calculated from the date of the arbitration award to the date of the judgment confirming the award)
 
 plus
 
 $1,100 in costs. Farm Bureau timely appealed.
 

 II. Analysis
 

 On appeal, Farm Bureau makes no argument concerning the confirmation of the $110,000 award. Rather, Farm Bureau argues that trial court exceeded its authority when it awarded Plaintiff costs, pre-award interest, and post-award/pre-judgment interest in its judgment confirming the arbitration award.
 

 Our Supreme Court has stated that our courts have very limited authority to modify an arbitration award under our Revised Uniform Arbitration Act, codified in Article 45C of our General Statutes.
 
 Nucor Corp. v. General Bearing Corp.
 
 ,
 
 333 N.C. 148
 
 , 155,
 
 423 S.E.2d 747
 
 , 751 (1992) (noting that the Act is "virtually a self-contained, self-sufficient code, [providing] controlling limitations upon the authority of our courts to vacate, modify, or correct an arbitration award");
 
 see also
 

 Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.
 
 ,
 
 312 N.C. 224
 
 , 236,
 
 321 S.E.2d 872
 
 , 880 (1984) (holding that "[j]udicial review of an arbitration award is confined to determination of whether there exists one of the specific grounds for [modification] of an award under the Uniform Arbitration Act").
 

 And our Supreme Court has specified that a trial court may modify an arbitration award only where the arbitrators make (1) a mathematical error, (2) an error relating to form, or (3) an error resulting from arbitrators' exceeding their authority.
 
 Id.
 
 at 236,
 
 321 S.E.2d at
 
 880 ;
 
 N.C. Gen. Stat. § 1-569.24
 
 (2015). None of these grounds, however, apply in the present case.
 

 On appeal, we must determine whether the trial court's grant of (1) pre-award interest, (2) post-award/pre-judgment interest, and (3) costs was proper. For the reasons stated below, we conclude that the trial court's grant of pre-award interest and costs constituted an impermissible modification of the arbitration award.
 
 See
 

 *611
 

 Eisinger v. Robinson
 
 ,
 
 164 N.C. App. 572
 
 , 576-77,
 
 596 S.E.2d 831
 
 , 833-34 (2004). However, we further conclude that the trial court's grant of post-award interest was appropriate.
 

 A. Pre-Award Interest and Costs
 

 We hold that the trial court exceeded its authority by adjudging that Plaintiff was entitled to recover pre-award interest and costs in this case.
 

 *751
 
 In the absence of a policy exclusion, pre-award interest is considered part of compensatory damages for which an uninsured motorist insurer may be liable.
 
 See
 

 Baxley v. Nationwide Mutual Ins. Co
 
 .,
 
 334 N.C. 1
 
 , 11,
 
 430 S.E.2d 895
 
 , 901 (1993) (holding that "prejudgment interest ... is within the term 'damages' as that term is used in the UIM portion of plaintiff's policy"). Whether to include pre-award interest as part of compensatory damages is a matter within the authority of the arbitrators-not the trial court-to decide.
 
 Hamby v. Williams
 
 ,
 
 196 N.C. App. 733
 
 , 736,
 
 676 S.E.2d 478
 
 , 479 (2009) (applying
 
 Baxley
 
 in an arbitration context);
 
 Sprake v. Leche
 
 ,
 
 188 N.C. App. 322
 
 ,
 
 658 S.E.2d 490
 
 (2008) (holding that the arbitration panel had authority to award pre-award interest and the trial court properly confirmed the arbitration award as written);
 
 Faison & Gillespie v. Lorant
 
 ,
 
 187 N.C. App. 567
 
 ,
 
 654 S.E.2d 47
 
 (2007) (holding that an arbitrator's authority was not exceeded by including pre-award interest in an arbitration award).
 

 Typically, where the arbitration award fails to make any provision for pre-award interest, "the trial court [is] obligated to confirm the award as written, unless there was some mathematical error, error relating to form, or error resulting from the arbitrator exceeding his/her authority[.]"
 
 Palmer v. Duke Power Co.
 
 ,
 
 129 N.C. App. 488
 
 , 498,
 
 499 S.E.2d 801
 
 , 807 (1998).
 

 A trial court
 
 may
 
 grant pre-award interest
 
 only if
 
 the arbitrators expressly defer the issue of interest to the trial court's discretion as part of their award.
 
 See
 

 Lovin v. Byrd
 
 ,
 
 178 N.C. App. 381
 
 , 382,
 
 631 S.E.2d 58
 
 , 59 (2006) (finding no error where a trial court added pre-award interest where the arbitration award provided that the issue of pre-award interest "is expressly left to counsel for the parties and a Superior Court Judge ... to decide");
 
 see also
 

 Hamby
 
 ,
 
 196 N.C. App. at 738
 
 ,
 
 676 S.E.2d at 481
 
 (concluding that a grant by the trial court of pre-award interest is not a modification of an arbitration award where the arbitrators expressly deferred the issue to the trial court). In such cases, the trial court is merely enforcing the terms of the arbitration award.
 

 Unlike in
 
 Lovin
 
 and
 
 Hamby
 
 , however, the arbitrators in the present case did not expressly defer the issue of pre-award interest to the discretion of the trial court. Here, the award simply provided that they "did not consider interest or costs in the determination of th[e] award." If the arbitration panel had wanted to authorize the trial court to award pre-award interest and costs, it could have done so in its arbitration award. But even if language to this effect was omitted in error by the arbitrators, our Supreme Court has held that such a mistake is not, by, itself a sufficient ground to set aside an award:
 

 *752
 
 If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal, and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation.
 

 Patton v. Garrett
 
 ,
 
 116 N.C. 847
 
 ,
 
 21 S.E. 679
 
 , 682-83 (1895) (citing
 
 Eaton v. Eaton
 
 ,
 
 43 N.C. 102
 
 , 106-07 (1851) ).
 

 The trial court also lacked the authority to grant Plaintiff costs in this case. Although
 
 N.C. Gen. Stat. § 1-569.25
 
 does allow the trial court to include "reasonable costs" in its judgment, these costs are limited to "reasonable costs
 
 of the motion
 
 [to confirm the award]" filed by the party
 
 after
 
 the arbitration
 
 *612
 
 award is entered.
 
 See
 

 N.C. Gen. Stat. §§ 1-569.22
 
 , 1-569.23, 1-569.24, 1-569.25. Here, however, the trial court granted Plaintiff costs related to the filing of the original action, the cost of the court reporter for depositions, an expert witness fee, and subpoena service fees.
 

 In sum, we conclude that the trial court's modification of the arbitration award requiring Farm Bureau to pay pre-award interest and costs to Plaintiff was error.
 
 See
 

 Eisinger
 
 ,
 
 164 N.C. App. at 576
 
 ,
 
 596 S.E.2d at 834
 
 (concluding that because plaintiff's request for pre-award
 
 interest and costs
 
 did not fall within any of the three grounds permitting modification, the trial court was without authority to modify the award to include pre-award interest or costs);
 
 see also
 
 M. Domke,
 
 Domke on Commercial Arbitration
 
 § 35:6 (3d ed. 2012) ("[C]ourts cannot add interest from a date prior to the award, since this would infringe on the arbitrators' authority.").
 

 B. Post-Award/Pre-Judgment Interest
 

 The trial court also awarded Plaintiff approximately $800 in post-award/pre-judgment interest, calculated from the date of the arbitration award to the date Farm Bureau paid Plaintiff in full. For the reasons detailed below, we conclude that the trial court acted within its authority in granting interest from the date of the arbitration award to the date of Farm Bureau's payment to Plaintiff.
 

 *753
 
 Neither party cites a North Carolina case which directly addresses the power of a trial court to grant interest which accrues after the arbitration award but before the trial court enters judgment confirming the award. The seminal treatise on commercial arbitration states that, generally, a trial court
 
 does
 
 have the discretion to grant interest which may accrue after the date of the award:
 

 If an arbitrator does not include a determination of interest in the award, courts have the discretion to award postarbitration award interest and postjudgment interest on actions to confirm arbitration award. ... [G]enerally, prejudgment interest runs from the date of the arbitration award to the date that judgment is rendered, while postjudgment interest runs from the time that the award is confirmed.
 

 M. Domke,
 
 Domke on Commercial Arbitration
 
 § 35:6 (3d ed. 2012). We agree with this general rule as stated. The time it will take for the arbitrators' award to be confirmed by a trial court is unknown to the arbitrators at the time they make the award. Consider a situation in which an arbitration award is entered against an insurer for $100,000, but the insurer obtains continuances such that the trial court does not enter its judgment pursuant to
 
 N.C. Gen. Stat. § 1-569.25
 
 for some period of time. The arbitrators certainly could not anticipate this delay between the entry of the arbitration award and the trial court's entry of judgment on the award, and the trial court should be allowed to compensate the insured for the "time value" of the award between the time the award is made and the time the award is paid.
 

 III. Conclusion
 

 We affirm the trial court's judgment confirming the $110,000 arbitration award and its grant of post-award/pre-judgment interest. We reverse the trial court's grant of pre-award interest and costs.
 

 AFFIRMED IN PART, REVERSED IN PART.
 

 Judges HUNTER, JR., and ARROWOOD concur.
 

 [1]
 

 Our case law often refers to the interest which accumulates during the period before an
 
 arbitration award
 
 is entered as "prejudgment interest." In the interest of clarity, we refer to any potential interest which accumulates before an arbitration award is entered as "
 
 pre-award
 
 interest." Any potential interest which accumulates
 
 after
 
 the entry of an arbitration award but
 
 before
 
 entry of the trial court's judgment confirming the award is referred to as "post-award/pre-judgment interest."
 

 [2]
 

 N.C. Gen. Stat. § 20-279.21
 
 (b)(4) requires an insurer to advance a payment to its insured in an amount equal to the tentative settlement within thirty (30) days in order to preserve its right to exercise any right of subrogation.
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(4) (2015).